Bell, J.
 

 The record squarely presents the question of the jurisdiction of this court to entertain this appeal. More concretely stated the jurisdictional question is: Did the respondents file a motion for a new trial or give notice of appeal after judgment, within the time limited by law? If not then there is no basis for the appeal and the cause should be dismissed for want of jurisdiction.
 

 The authority for a proceeding in mandamus is statutory. Sections 12283 to Section 12302, both inclusive, General Code.
 

 In the case of
 
 State, ex rel. Cope,
 
 v.
 
 Cooper, Gov.,
 
 121 Ohio St., 519, 169 N. E., 701, paragraph one of the syllabus reads as follows:
 

 “A writ of mandamus does not issue in virtue of any prerogative power, and in modern practice
 
 a proceeding in mandamus is an action at law in cases where it is the appropriate remedy,
 
 and where there is no plain and adequate remedy in the ordinary course of law.” (Italics ours.)
 

 It being settled that a proceeding in mandamus is-
 
 *110
 
 an action at' law the procedural steps to perfect an appeal upon questions of law must be taken as provided
 
 for by
 
 the statutes which relate to appeals on questions of law in civil actions.
 

 The first question which calls for our consideration is when was the judgment entered in the Court of Appeals ? It should be kept in mind that the court made three entries, to wit, January 24, 1942, April 27, 1942, and September 23, 1942.
 

 Was the first entry dated January 24, 1942, a judgment? ■
 

 Freeman on Judgments (5 Ed.), at page 3, Section 2, defines the word “judgment” as follows:
 

 “ ‘The conclusion of law in a particular case announced by the court’; ‘the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it.’ ”
 

 2 Bouvier’s Law Dictionary, (3 Rev.), 1718, says:
 

 ■ ‘‘The decision or sentence of the law, given by the court of justice or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury.”
 

 ■ Many other definitions to the same effect may be found.
 

 In
 
 Peter
 
 v. Parkinson,
 
 Treas.,
 
 83 Ohio St., 36, 93 N. E., 197, Judge Crew, at page 47, uses this language:
 

 “A" judgment is the judicial determination or sentence of a court rendered in a cause within its jurisdiction.”
 

 The entry of January 24, 1942, disposed of every question presented by the parties; it overruled respondents’ motion to dismiss; granted the prayer of relator’s petition; and finally disposed of the cause.
 

 A final judgment is one which determines the merits of the case and makes an end to it.
 

 Measured by every test found in the adjudicated cases or in the definitions found in the text books we think this entry was a final judgment.
 

 
 *111
 
 Section 11604, General Code, provides for recording of judgments and orders as follows:
 

 “All judgments and orders must be entéred on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court.”
 

 This entry was journalized as provided in Section 11604, General Code, on the date ordered by the court and counsel for both parties were promptly notified thereof.
 

 No motion to vacate the entry and for a new trial was made within three days after January 24, 1942; no notice of appeal was given within twenty days thereafter; that judgment stands unmodified and unreversed and the Court of Appeals was without jurisdiction to conduct any hearing subsequent thereto.
 

 Section 11578, General Code, reads in part:
 

 “* * * The application [for a new trial]
 
 must
 
 be made within three days after the verdict or decision is rendered, unless he [applicant] is unavoidably prevented from filing it within such time.” (Italics ours.)
 

 That this section of the General Code is mandatory is so well settled and thoroughly understood as to make unnecessary the citation of authority.
 

 No claim is or could be made that respondents were unavoidably prevented from filing a motion for a new trial within the time prescribed by law.
 

 ■ By virtue of Section 12223-4, General Code, the only jurisdictional step now necessary to an appeal on questions of law is the filing of a- notice of appeal.
 
 Loos
 
 v.
 
 Wheeling é Lake Erie Ry. Co.,
 
 134 Ohio St., 321, 16 N. E. (2d), 4<?7;
 
 Lamar Realty Co.
 
 v„
 
 City of Cleveland,
 
 140 Ohio St., 432, 45 N. E. '(2d), 209;
 
 Bauer
 
 v.
 
 Grinstead,
 
 142 Ohio St., 56.
 

 
 *112
 
 Section 12223-7, General Code, provides the time for ' perfecting appeal, and reads in part:
 

 “The period of time after the entry of the order, judgment, decree, or. other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
 

 “1. In appeals to the Supreme Court * * * within twenty (20) days.
 

 “Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling * * * the motion for new trial.”
 

 No motion for a new trial or no notice of appeal having been filed within the respective times allowed b}^ law, this court is without jurisdiction to hear and determine this appeal.
 

 It would be of no gvail to appellees if it could be held that the entry of April 27, or September 23, 1942, was the judgment, for the reason that the motion for a new trial was filed seven days after, the entry dated April 27,1942, and no notice of appeal was filed within twenty days; as to the entry of September 23, 1942, no motion for a new trial was ever filed and the notice of appeal was filed thirty days thereafter.
 

 This court is therefore without jurisdiction and the appeal should be and hereby is dismissed.
 

 Appeal dismissed.
 

 Wbygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 • Turner, J., concurs in the syllabus but dissents from the judgment.
 

 Williams, J., not participating.