IN RE ELECTION OF NOVEMBER 6, 1990 FOR THE OFFICE OF ATTORNEY GENERAL OF OHIO.

[Cite as In re Election of November 6, 1990 for the Office of Attorney General of Ohio (1991), 58 Ohio St. 3d 604.]

(No. 90-2544 — Submitted and decided February 15, 1991.)

MOYER, C.J. Contestee has moved under Civ. R. 41(B)(2) to dismiss contestor's claim in part, with respect to the issue of illegal ballot rotation in Mahoning County. I find dismissal of a claim in part is not contemplated by Civ. R. 41(B)(2) and therefore overrule the motion to dismiss.

Civ. R. 41(B)(2) states:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as the trier of facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of the evidence. If the court renders a judgment on the merits against the plaintiff, the court shall make findings as provided by Rule 52 if requested to do so by any party."

By its terms, the rule limits the motion to the ground that contestor "has shown no right to relief" and limits our response to rendering or declining to render "judgment" against the contestor. In *State, ex rel. Curran,* v. *Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E. 2d 995, we defined "judgment" as "* * * the final determination of a court of competent jurisdiction of matters submitted to it." *Id.* at paragraph two of the syllabus.

In this case, contestor alleges a single claim — that various election irregularities, including but not limited to the ballot rotation issue, denied him the election so that the court should declare him elected or at least declare the outcome of the election uncertain. Contestee's motion attacks only a part of that claim. Therefore, even if contestee's argument is found persuasive, it would not establish that contestor has shown *"no* right to relief" or permit the court to enter judgment. To obtain relief as to part of a claim, see Civ. R. 56(B).

Accordingly, contestee's partial motion to dismiss pursuant to Civ. R. 41(B)(2) is overruled.