**In re MICHAEL.**

[Cite as *In re Michael* (1991), 71 Ohio App.3d 727.]

Court of Appeals of Ohio,
Portage County.

No. 90–P–2172.

Decided April 2, 1991.

*Carol J. Crimi,* for appellant Dana L. Young.

*Jerry A. Goodwin,* for appellee Ronald Michael.

NADER, Judge.

On June 14, 1988, appellant, Dana Lee Young, filed a complaint for custody of Amanda Joe Michael. The complaint alleged that appellant was the natural mother of Amanda, born October 4, 1987, and that Amanda had been residing with appellee, Ronald Michael, the natural father, since June 4, 1988. The complaint further alleged that appellant was the primary caretaker.

In her attached affidavit, appellant stated that the parties were never married but resided together until June 4, 1988. On that date, the parties argued and appellee went to the home of the babysitter, removed Amanda, and has since refused to allow appellant to see the child.

The court awarded appellant temporary custody on June 4, 1988 by an *ex parte* hearing. Appellee filed a motion to vacate the *ex parte* order, and the trial court stayed its June 4th order until a hearing could be held on the matter.

On March 10, 1989, the referee filed his report on the matter, which was heard on July 5, 1988, and the report recommended that the child's best interests were served by granting temporary custody to appellee and visitation to appellant. On January 25, 1989, appellant moved for home investigations of the parties and such investigations were ordered by the agreed entry of March 15, 1989. Another hearing was held before a referee on July 18, 1989, and the referee's report, filed on November 28, 1989, recommended

temporary custody to remain with appellee, appellant to have visitation, and the issues of support and custody to be decided at a later proceeding. The report also directed appellee to produce discovery previously requested, and further directed appellee to obtain a psychological evaluation as provided by the agreed entry of March 15, 1989.

The issues of custody and support came before a referee on January 11, 1990, and the referee's report was filed on January 24, 1990. The referee recommended that the father be granted custody and that appellant provide support in the amount of $15 per week. Appellant filed her objections to the report on February 8, 1990, and by its journal entry of March 5, 1990, the trial court adopted the referee's report and recommendations. It is from this entry that appellant now appeals, raising the following assignments of error:

"1. The decision of the Trial Court awarding custody to Mr. Michael was contrary to law, against the manifest weight of the evidence and an abuse of discretion.

"2. The Trial Court erred when it failed to award visitation privileges to Ms. Young."

*White v. White* (Jan. 25, 1991), Trumbull App. No. 90–T–4388, unreported, at 4–5, 1991 WL 6019, states:

" 'Civ.R. 53(E)(5) * * * contains the following instruction "the court shall enter its own judgment on the issues submitted for action and report by the referee." ' *Lee v. Lee* (Dec. 18, 1987), Portage App. No. 1763, unreported at 4 [1987 WL 31125]. The February 28, 1990 journal entry does not contain such a judgment. Incorporating the referee's report without separately stating its own judgment does not constitute a final appealable order. *Lee, supra.*"

The trial court's entry in the instant case is similarly flawed as it merely finds the referee's report to be well taken and overrules the plaintiff's objection. The trial court fails to render its own judgment, and, as such, this appeal is dismissed for lack of a final appealable order.

A judgment is generally defined as a pronouncement which determines the matters submitted to a court. *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E.2d 995. However, the adoption or rejection of the referee's report is not the matter which has been submitted to the court; rather, the report is merely an additional resource at the court's disposal in determining the issues before it. This determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry.

The characteristics of such a document have been described in *Cox v. Cox* (Mar. 15, 1991), Trumbull App. No. 90–T–4396, unreported, 1991 WL 35642 (Judge Ford concurring at 3), which states:

"It is fundamental that the trial court employ diction which should include sufficient operative, action-like and conclusionary verbiage to satisfy the foregoing fundamental elements. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations."

As those characteristics are lacking in the order before this court, this appeal is hereby *sua sponte* dismissed for lack of a final appealable order.

*Appeal dismissed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.