OPINION
Defendant-appellant, Kerry Reiter, appeals from the judgment entry of the Hancock County Court of Common Pleas which approved and adopted the magistrate's decision in this action.
On January 3, 1997, plaintiff-appellee, Nancy Reiter, filed a complaint for legal separation. Appellant responded with a counterclaim for divorce on February 14, 1997 and a supplemental counterclaim for divorce on December 2, 1997. This case was heard by a magistrate and on January 28, 1998, the magistrate issued his decision. The last paragraph of this decision stated that "counsel for the defendant should submit the appropriate judgment entry." The trial court's entry of January 29, 1998 adopted the magistrate's decision. After both parties filed objections to the magistrate's decision, the trial court issued another judgment entry on April 27, 1998, which overruled the objections and again adopted and approved the decision of the magistrate.
Subsequently, on July 28, 1998, a second trial judge issued notice to the parties that this action would be dismissed unless they show cause why the court should not dismiss said action or file the appropriate entry. By judgment entry dated September 2, 1998, a third trial judge found the April 27, 1998 entry "disposed of all matters pending before the court and is a final order."
On October 1, 1998, appellant filed a notice of appeal to this court. We dismissed the appeal for lack of jurisdiction. Upon motion for reconsideration, we reinstated the appeal for the reason that there was no notation in the appearance docket of the service of the April 27, 1998 order until September 2, 1998, as required by Civ.R. 58.
On appeal, appellant asserts three assignments of error for review. His first assignment of error states as follows:
 Where the trial court in reviewing and overruling objections to the magistrate's decision, orders that that decision be approved and adopted and the magistrate's decision requires a party to journalize the decision, such judgment entry of the court is not a final, appealable order.
The issue before us is whether the trial court's April 27, 1998 judgment entry was a final, appealable order. In its entry, the court overruled the parties' objections to the magistrate's decision and the magistrate's decision was approved and adopted.
Civ.R. 53(E)(4)(c) states, in pertinent part, that:
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
We find the following interpretation of Civ.R. 53 set forth by the Ninth District Court of Appeals in Daly v. Martin (May 14, 1997), Medina App. No. 2599-M, unreported, 1997 WL 270528, at *2, to be persuasive:
 "Adopting the [magistrate's decision] and entering judgment is necessarily a two-step process. The trial court may indicate that it has considered the report, the objections of the parties, and the arguments of counsel, and thereafter may order that the findings of the [magistrate] be adopted by the court. However, this type of recitation alone does not constitute an entry of judgment. The trial court must then enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." [Lavelle v. Cox (Mar. 15, 1991), Trumbull App. No. 90-T-4396, unreported, 1991 Ohio App. LEXIS 1063, at *6-7 (Ford, J., concurring)]. See, also, Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95CA17, unreported, 1996 Ohio App. LEXIS 4543, at *7.
 While the foregoing opinions relied, in part, on the former version of Civ.R. 53(E), we view the prevailing language, related supra, as requiring a trial court to undertake the same fundamental task in considering objections to a magistrate's decision. Accord Cecil v. Beam (Mar. 28, 1997), Montgomery App. No. 16210, unreported, 1997 Ohio App. LEXIS 1298, at *11, fn. 1. See 1995 Staff Note to Civ.R. 53(E). Moreover, the substantive provisions of Rule 54 remain unaltered and maintain independent potency.
The legal rationale underlying the relationship between the magistrate and the trial court in these cases has been discussed in In re Michael (1991), 71 Ohio App.3d 727, 729, which states:
 [T]he adoption or rejection of the [magistrate's decision] is not the matter which has been submitted to the court; rather, the [decision] is merely an additional resource at the court's disposal in determining the issues before it.
In Daly, supra, at *3, the appellate court found that the trial court failed to grant relief on the issues originally submitted in the matter. The court stated that:
 "The adoption or rejection of a [magistrate's decision] is not a matter which has been submitted to the court for adjudication." Pace, supra, at *6. As we have stated in another context, the court need not "parrot the magistrate's findings" as to the facts and issues involved, Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736, unreported, at 9; however, the court must, at the very least, articulate the outcome and remedy.
 "Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case." [Walker v. Walker (Aug. 5, 1987), Summit App. No. 12978, unreported, at 4.] (Emphasis added.) The trial court has not fulfilled its judicial responsibilities in either adopting the magistrate's decision or in disclosing how the matter was resolved.
Pursuant to the foregoing authorities and after examining the record in this case, it is apparent that the April 27, 1998 entry simply approves and adopts the magistrate's decision without any independent entry of judgment "'definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case.'" Id. In short, the record in this case does not contain the judgment entry contemplated by the magistrate's decision. As a result, the April 27, 1998 entry does not constitute a final, appealable order. Consequently, we must dismiss the appeal for lack of jurisdiction.
Accordingly, appellant's first assignment of error is sustained. His two remaining assignments of error challenging the award of spousal support are hereby rendered moot.
Appeal dismissed and cause remanded.
BRYANT, P.J., and HADLEY, J., concur.