OPINION
The instant appeal stems from a final judgment of the Domestic Relations Division of the Mahoning County Court of Common Pleas. Appellant, Linda S. Muzenic, seeks the reversal of the trial court's decision to decrease the amount of spousal support owed to her by appellee, Donald M. Muzenic.
The parties in this case were married for approximately twenty-five years and had one child. In August 1993, appellant filed a divorce complaint, alleging gross neglect, extreme cruelty, and incompatibility. As part of his answer to the complaint, appellee submitted a counterclaim for divorce, alleging the same three grounds which appellant had asserted.
A trial on the merits of both claims was scheduled for June 28, 1994. However, before that proceeding could go forward, the parties were able to agree to stipulations of fact regarding the majority of the issues raised by the pleadings. Accordingly, when the trial commenced on the scheduled date, the sole issue remaining to be litigated by the parties concerned the amount of monthly spousal support appellant would be entitled to receive from appellee, if any.
After the parties had presented evidence on the matter, a conference was held in the trial judge's chambers. Although the record before this court does not contain any type of transcript of this conference, it would appear that certain unsworn statements were made indicating that, as of that particular moment, appellant was not covered under any hospitalization plan.[1] At the conclusion of the conference, the trial judge made an oral determination as to the amount of appellee's spousal support obligation and ordered the attorneys to prepare a judgment entry delineating the terms of the divorce.
Before the final divorce decree could be prepared and released, appellant learned that, as of July 1, 1994, she would be receiving free hospitalization coverage through her present employer. Based on this new development, a dispute arose between the two parties about whether the amount of appellee's support obligation should be decreased. Appellee took the position that the trial judge's oral determination, i.e., that appellee should pay the sum of $1,250.00 per month, should be amended because that figure had included an extra $300 to assist appellant in purchasing hospitalization.
As the parties could not settle this dispute, a second conference in the trial judge's chambers was held on August 17, 1994. Again, the record before this court does not contain a transcript of this proceeding. At the conclusion of the second conference, the trial judge stated that he would not amend his initial determination. As a result, when the final divorce decree was issued six days later, it ordered appellee to pay the sum of $1,250.00 per month in spousal support.
Approximately one month later, appellee moved for a modification of his support obligation. As the primary grounds for this motion, appellee maintained that appellant's acquisition of free hospitalization through her present employer constituted a change of circumstances which warranted a deduction in the amount of support.
The motion to modify was assigned to a court referee for consideration. During the ensuing evidential hearing, appellant did not attempt to contest the fact that she was now covered under a hospitalization plan through her employer. Instead, she presented evidence which tended to show that, during the second "in-chambers" conference, the trial judge had fully considered the new "fact" and had decided that a modification of the support obligation was not justified. According to appellant, the judge had stated that the cost of hospitalization had been only one of the many factors he had considered in setting the amount of the support.
In response to appellant's evidence, appellee presented evidence which tended to show that the trial judge had specifically refused to consider any new facts during the second conference. According to appellee, the trial judge expressly told the parties that the support determination in the final divorce decree would be predicated solely upon the evidence presented during the first conference, and that the question of the effect of the new "hospitalization" fact should be raised in a post-judgment motion.
In his subsequent report, the court referee never made a specific finding in regard to what had occurred during the second "in-chambers" conference; i.e., the referee did not decide whether the trial judge had told appellee to raise the "hospitalization" issue in a post-judgment motion. Instead, the referee found that the motion to modify was properly before him at that time because the new evidence on the "hospitalization" issue had not been before the trial judge when the initial determination on spousal support had been made during the first "in-chambers" conference:
 "* * * [T]his referee finds it quite difficult, if not impossible, to determine with any degree of accuracy, what factors the Judge considered before awarding the spousal support order as found herein; just based on the assertions of the three (3) lawyers who were present and made statements at this hearing. However, the Referee does find that a substantial change of circumstances has occurred based on a further finding that the Judge was not privy to the fact that [appellant] would become insured through her employer since she did not become insured until July 1, 1994, just three days after the divorce hearing."
In addition to finding that a change of circumstances had occurred, the referee also found that the new circumstances supported a deduction in appellee's spousal support obligation. Thus, the referee recommended that the support obligation be reduced by $300 per month.
Appellant filed timely objections to the referee's report. As the sole basis for her objections, appellant again focused upon the issue of what had taken place during the second conference before the trial judge. As she had during the evidential hearing, she asserted that the trial judge had been informed of the new facts on the hospitalization issue and had decided that a modification of support was not justified. Based on this, appellant argued that a modification could not be granted at this point in time because the hospitalization issue had already been litigated.
After appellee filed a memorandum in opposition to the objections, the trial judge issued an abbreviated judgment entry adopting the findings and recommendations of the court referee. In doing so, the trial judge not only failed to render a specific ruling on the objections, but also failed to make any finding as to what had actually taken place during the second "in-chambers" conference. Moreover, the judgment entry did not contain any specific language in which the trial judge ruled upon the motion to modify and rendered a new order concerning the amount of spousal support.
In now seeking the reversal of the foregoing judgment, appellant has assigned the following as error:
 "The trial court committed substantial error prejudicial to the plaintiff/appellant in finding that there had been a change in circumstances and in not considering whether the spousal support was required and necessary and what amount would be reasonable."
As her primary argument under this sole assignment, appellant has simply restated the basic contention which she asserted before both the court referee and the trial court. Appellant submits that the testimony presented during the evidential hearing before the referee was sufficient to prove that the trial court had fully considered the new "facts" on the hospitalization issue before the final divorce decree was released. In turn, she contends that the motion to modify the support obligation should not have been granted because, since the effect of appellant's acquisition of free hospitalization coverage had already been litigated, no change of circumstances had occurred which warranted the decrease in the amount of support.
For the following reasons, this court ultimately concludes that merits of appellant's argument cannot be addressed in the context of this appeal. Specifically, we hold that the instant appeal must be dismissed because the appealed judgment before us does not constitute a final appealable order. This holding is based on the fact that the judgment does not contain a specific order stating the trial judge's ruling on the motion to modify.
In reviewing the finality of judgments in which a trial court is required to consider objections to a referee's decision, the courts of this state have generally concluded that an entry in which a trial court merely adopts the referee's recommendations does not constitute a "judgment" from which an appeal can be taken. See, e.g., In re Zakov (1995), 107 Ohio App.3d 716, 717. Instead, to be an appealable judgment, the entry must contain language which sets forth the trial court's own determination in the matter; i.e., if the trial court agrees with the referee's recommendation, it must restate that recommendation in the form of an order. In re Michael (1991), 71 Ohio App.3d 727, 729. This holding is based upon the following logic:
 "A judgment is generally defined as a pronouncement which determines the matters submitted to a court. State ex rel. Curran v. Brookes (1943), 142 Ohio St. 107, "* * * However, the adoption or rejection of the referee's report is not the matter which has been submitted to the court; rather, the report is merely an additional resource at the court's disposal in determining the issues before it. This determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry." Id.
In the instant case, the parties could not determine their rights and obligations by referring solely to the appealed judgment because the trial judge never stated what the new spousal support obligation would be. Accordingly, as the appealed judgment did not contain the necessary dispositional language, it is not a final appealable order from which a proper appeal can be taken. In turn, it follows that the instant appeal must be dismissed for lack of jurisdiction.
Despite the dispositive nature of the foregoing analysis, this court is compelled to address a second issue which, in our opinion, must be resolved before the actual merits of appellant's assignment could be reviewed on appeal. Specifically, we would indicate that, even if a proper judgment had been rendered in this matter, we still could not have addressed the primary issue underlying appellant's assignment because both the court referee and the trial judge did not make a factual finding on that specific issue, which is: what did the trial judge actually state to the parties during the second "in-chambers" conference? Therefore, prior to entering a proper judgment on the motion to modify, the trial court should make the necessary finding.
As was noted previously, appellant expressly raised the "second conference" issue during the evidential hearing before the court referee. Although some of the "evidence" appellant presented on the issue consisted of the unsworn statements of her attorney, our review of the hearing transcript indicates that appellee never objected to the nature of the evidential intake; in fact, appellee's own attorney also presented his own statements as evidence on the "second conference" issue. Moreover, the nature of the statements of appellant's counsel were such that, if believed, they constituted sufficient evidence to support the finding that the trial judge fully considered the new "facts" concerning the hospitalization issue and had specifically ruled that a deduction in spousal support was not warranted.
Despite the fact that the "second conference" issue was properly raised, the court referee declined to make a finding on that point. In essence, the referee concluded that it was not necessary for him to address the issue because the new facts concerning the hospitalization question had not been before the trial judge when the initial decision on spousal support was made after the trial and the first conference. Although not stated in the report, the court referee apparently believed that, since the new facts had not been proven at trial, he was free to reconsider the new facts even if the trial judge had fully considered them before the final judgment was rendered.
As to this point, this court would note that, in interpreting Civ.R. 59, the appellate courts of this state have generally held that a motion for a new trial can be asserted prior to the issuance of the final judgment in an action. See Risner v. Risner
(Dec. 28, 1995), Jackson App. No. 94CA757, unreported; Conway v.Sabo (Mar. 31, 1982), Trumbull App. No. 2991, unreported. Furthermore, Civ.R. 7 (B) provides that a motion to a trial court can be asserted orally when it is presented during a hearing.
Accordingly, if, as appellant alleges, the question of the new facts concerning the hospitalization issue was raised before the trial judge during, the second conference, the judge would have had the authority to hear the new facts and render a new decision on the spousal support issue. In turn, if the trial judge did, indeed, decide that the new facts did not warrant a deduction in appellee's spousal support obligation, that decision would constitute a final determination on the matter.
Under this scenario, appellee would be barred from attempting to retry the issue under the motion to modify. Instead, his sole remedy would have been to take a direct appeal from the final divorce decree,
Consequently, before the court referee could properly address the merits of the motion to modify, he first had to determine whether the proceedings during the second conference before the trial judge barred the consideration of the new "facts" on the hospitalization issue. Because such a preliminary determination was never made, we conclude that the court referee erred in proceeding to consider the actual merits of the motion to modify.
The foregoing analysis is also applicable to the trial judge in this action. As part of her objections to the referee's report, appellant expressly raised the factual issue of what had occurred during the second conference. In adopting the recommendations of the referee, the trial judge did not even refer to the objections, let alone make a specific finding on this issue. To this extent, the trial judge made the same legal error as had the court referee; i.e., the judge made a decision on the merits of the motion without first determining an issue which controlled whether the motion was properly before the court.
In reaching the foregoing conclusion, this court would emphasize that we have not made any implicit determination as to the credibility of appellant's version of the events which occurred during the second conference. Instead, we are merely stating that once appellant had raised an argument, it had to be decided before the merits of the motion itself could be addressed.
Pursuant to the foregoing discussion, this court would indicate that, in the interest of judicial economy, it would be preferable for the trial court to make a factual finding on the "second conference" issue prior to rendering a final judgment on the motion to modify. Specifically, consistent with Civ.R. 53 (E)(4)(b), the trial court should choose one of the following procedural options for resolving the factual issue concerning what transpired during the "in-chambers" conference of August 17, 1994: (1) recommit the matter to the referee with instruction to make a finding as to the "second conference issue; or (2) hear additional evidence and decide the issue itself.[2]
Because the appealed judgment is not a final appealable order, the instant appeal is dismissed for lack of jurisdiction.
PRESIDING JUDGE DONALD R. FORD, Eleventh Appellate District, sitting by assignment.
NADER, J., Eleventh Appellate District, sitting by assignment, concurs.
CHRISTLEY, J., Eleventh Appellate District, sitting by assignment, concurs in judgment only, with Concurring Opinion,
[1] As will become quite apparent in our upcoming analysis, the actual substance of the unsworn statements made during this particular conference is irrelevant to the outcome of this appeal.
[2] Although this court lacks the authority to consider questions of recusal, we would be remiss if we did not state that, in our estimation, the posture of this case raises the question of whether the original trial judge should be deciding the "second conference" issue. Since the issue concerns what he stated to the parties, the original judge must essentially make a finding on a matter of which he has personal knowledge.
CONCURRING OPINION