This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and the oral arguments presented to this court. Defendant-Appellant, David Wasiloski (hereinafter "Wasiloski"), appeals the trial court's decision ordering a modification and reallocation of parental rights and responsibilities between Wasiloski and Plaintiff-Appellee, Kathleen Harkins (hereinafter "Harkins"). For the following reasons, we find the trial court's decision is not a final, appealable order and remand this case for further proceedings.
Harkins and Wasiloski divorced on January 18, 1995 and Wasiloski was designated residential parent for the parties' two minor children, John and David. Harkins was ordered to pay child support.
After various modifications of the support order, Harkins filed a Motion for Modification and Reallocation of Parental Rights and Responsibilities for both children on September 2, 1998. The parties then entered into an Agreed Journal Entry on October 6, 1998, designating Harkins as the residential parent of David, noting the determination of child support, companionship, and the parental rights of John were to be resolved at an October 23, 1998 hearing. A magistrate conducted the hearing and, after objections were filed, the court returned the case to the magistrate for re-litigation because a recording tape malfunction left the court without a transcript of the hearing.
The magistrate conducted the second hearing on June 21, 1999, and filed his decision on September 13, 1999. Both parties timely filed objections to the decision. The court overruled the objections of both parties and, on December 20, 1999, adopted the decision of the magistrate. It is from this decision which Wasiloski timely appeals.
Wasiloski appeals the trial court's modification and reallocation of parental rights and responsibilities asserting the trial court: 1) incorrectly awarded the tax dependency exemption; 2) failed to rule on all the decisions before it; 3) erred by giving Harkins a dollar for dollar reduction in her child support obligation based on the child's social security derivative benefits; 4) failed to address the objection to the magistrate's decision that the magistrate incorrectly calculated the parties' income; 5) erred by ordering child support payments when the other party is in arrears; 6) used an improper standard of review over the magistrate's decision, and; 7) failed to set forth the rights, duties, and obligations of the parties independent of the magistrate's decision. We conclude the trial court's decision is not a final, appealable order and remand this case for lack of subject matter jurisdiction.
As a prerequisite to the consideration of the merits of this appeal, this court must decide whether the trial court issued a final appealable order. If this order was not a final appealable order, then we do not have jurisdiction to entertain the appeal, and should dismiss it without reaching the merits. Section 3(B)(2), Article IV of the Ohio Constitution. In the present case, the trial court's entry does not independently set out the rights, duties, and obligations of the parties. The issue before us is whether a trial court must separately issue an order disposing of all of the issues in the case where it adopts the magistrate's decision as part of its judgment.
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2502.02(B)(1). "`Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." Civ.R. 54(A). R.C. 2505.02
is a legislative restatement of the Ohio Supreme Court's definition of a final order in Civ.R. 54. Cincinnati Gas Elec. Co. v. Pope (1978),54 Ohio St.2d 12, 16. "For the purposes of determining our jurisdiction, therefore, `judgment' and `final order' are the same." Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 214. "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Hamilton County Bd. of Mental Retardation and DevelopmentalDisabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147,153.
 "In reviewing the finality of judgments in which a trial court is required to consider objections to a referee's decision, the courts of this state have generally concluded that an entry in which a trial court merely adopts the referee's recommendations does not constitute a `judgment' from which an appeal can be taken. See, e.g., In re Zakov (1995), 107 Ohio App.3d 716, 717. Instead, to be an appealable judgment, the entry must contain language which sets forth the trial court's own determination in the matter; i.e., if the trial court agrees with the referee's recommendation, it must restate that recommendation in the form of an order. In re Michael
(1991), 71 Ohio App.3d 727, 729.
 This holding is based upon the following logic: "`A judgment is generally defined as a pronouncement which determines the matters submitted to a court. State ex rel. Curran v. Brookes (1943), 142 Ohio St. 107, * * *. However, the adoption or rejection of the referee's report is not the matter which has been submitted to the court; rather, the report is merely an additional resource at the court's disposal in determining the issues before it. This determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry.' Id." Muzenic v. Muzenic (June 6, 2000), Mahoning App. No. 95 CA 181, unreported, 3.
 In the judgment entry which is being appealed from, the trial court specifically addresses each objection to the magistrate's report. However, the operative portion of the entry is only four sentences long.
 "Based upon the foregoing, the Court overrules Plaintiff's and Defendant's Objections to the Decision of the Magistrate and denies the cross motions to strike and Plaintiff's motion for attorney fees. Pursuant to Civ.R. 53(E)(4)(b), the Court hereby adopts the Decision of the Magistrate.
 "The Mahoning County Child Support Enforcement Agency (CSEA) shall prepare a manual completion of the support arrearage according to the order in the Magistrate's Decision. Upon completion of the computation, the parties may file a motion with the Court regarding same."
 As the Sixth District pointed out in Sabrina v. Robbin (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported, all appellate districts which have dealt with this issue demand the trial court itself issue the orders which define the rights, duties, and obligations of the parties. This entry is lacking not because it adopts the findings and conclusions set forth in the magistrate's decision. It is lacking because all it does is adopt the magistrate's decision, rather than issuing its own order resolving the issues based upon the findings and conclusions made by the magistrate. This entry does not independently dispose of the issues before the court.
For the foregoing reasons, the present appeal is dismissed due to the lack of a final appealable order. This cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Vukovich, P.J., concurs.
Waite, J., concurs.