[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
{¶ 1} This is an appeal from a decree of divorce. Plaintiff-Appellant, Carole June McClain, presents four assignments of error. Each concerns the trial court's failure to grant her request for spousal support.
{¶ 2} Plaintiff-Appellant and Defendant-Appellee, Robert R. McClain, were married in 1953. June[1] filed for divorce on August 11, 1997. The matter was referred to the court's magistrate, who held hearings on October 20, 1998.
{¶ 3} The magistrate filed a decision on March 4, 1999. The decision recommended that the parties be divorced and that their property be divided in accordance with their agreement. The decision did not address June's spousal support request, which appeared in the prayer for relief in her complaint. With respect to that matter, the magistrate's decision states: "It is Further Recommended that the issue as to spousal support shall be rendered by this magistrate by a separate decision."Id., pp. 2-3. On that same date, March 4, 1999, the trial court orderedthe parties divorced.
 {¶ 4} June filed objections to the magistrate's decision on March17, 1999, before a separate decision on June's spousal support requestwas filed as the magistrate had promised. June requested a transcript ofthe proceedings before the magistrate. A transcript was prepared and itwas filed on March 30, 1999. The record fails to reflect that themagistrate ever filed a decision ruling on June's spousal supportrequest.
 {¶ 5} June's objections had two branches. She objected to themagistrate's failure to grant her prayer for spousal support. She alsoobjected to the magistrate's order concerning her right to healthinsurance coverage pursuant to COBRA.
 {¶ 6} On January 25, 2002, the trial court overruled June'sobjections. The court's entry states:
 {¶ 7} "This case has been held by the Court awaiting ruling on theobjections to the Magistrate's decision filed March 4, 1999. The timelyobjection filed by Plaintiff resulted in Plaintiff's request for atranscript of the final hearing, and that transcript has been filed inthe case.
 {¶ 8} "Upon consideration of all matters in this case, the Courtfinds that Plaintiff is entitled to COBRA benefits. The benefit awardedby the Court is that Plaintiff may maintain her medical andhospitalization insurance through Defendant's employment for a period ofthree years from date of the decree. These benefits shall be maintainedat the cost of Plaintiff.
 {¶ 9} "With this ruling, the Court finds that the Plaintiff'sobjections have been sustained in part and denied in part.
 {¶ 10} "Costs of the objection process will be equally divided.
 {¶ 11} "/s/Roger B. Wilson, Judge"
 {¶ 12} The court identified its entry as final and appealable. Junefiled a timely notice of appeal.
 {¶ 13} In her assignments of error, June asks us to find, forvarious reasons, that the trial court abused its discretion when itdenied her request for spousal support. Though the court failed to ruleon her objections in that respect, expressly, it nevertheless overruledher objections summarily, with the exception of its clarification of herright to COBRA coverage and obligation to pay for it. The rulingnecessarily also overruled June's objection concerning spousal support,if only by implication. What the court's journal entry of January 25,2002 failed to do, however, was to adopt the magistrate's decision.
 {¶ 14} Civ.R. 53(E)(4) governs the court's action on themagistrate's decision. Paragraph (a) states:
 {¶ 15} "The magistrate's decision shall be effective when adoptedby the court. The court may adopt the magistrate's decision if no writtenobjections are filed unless it determines that there is an error of lawor other defect on the face of the magistrate's decision."
 {¶ 16} Paragraph (b) of Civ.R. 53(E)(4) governs the court'sdisposition of objections. Paragraph (c) provides that "[t]he court mayadopt a magistrate's decision without waiting for timely objections bythe parties," which must nevertheless be filed within fourteen daysthereafter. The court may also make an interim order based on themagistrate's decision before objections are filed where "immediate reliefis justified," but the interim order is not effective for more thantwenty-eight days.
 {¶ 17} The clear import and plain meaning of Civ.R. 53(E)(4) isthat the court, if it intends to rely on the rule to enter a judgment,must state affirmatively that it adopts the decision of its magistrate,as written or as modified by the court. Of course, the court maysubstitute its own decision for the magistrate's in rendering judgment onany of the claims for relief concerned. In either alternative, orcombination of them, however:
 {¶ 18} "[i]t is fundamental that the trial court employ dictionwhich should include sufficient operative, action-like and conclusionaryverbiage to satisfy the foregoing fundamental elements. Obviously, it isnot necessary for such directive to be encyclopedic in character, but itshould contain clear language to provide basic notice of rights, duties,and obligations." In re Michael (1991), 71 Ohio App.3d 727, 730, quotingCox v. Cox (Mar. 15, 1991), Trumbull App. No. 90-T-4396.
 {¶ 19} A ruling entered pursuant to Civ.R. 53(E)(4) which merelyoverrules and/or sustains objections to a magistrate's decision withoutalso adopting it is not a final, appealable order. Id. That is because itdoes not satisfy the duty imposed on the court by Civ.R. 53(F)(4) toadopt, reject, or modify the magistrate's decision. Absent a finalorder, we lack jurisdiction to review the error assigned. General Acc.Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17.
{¶ 20} The foregoing finding requires us to dismiss the appeal. We are loath to do that in view of the prolonged proceedings since the complaint for divorce was filed in 1997. We therefore urge the trial court to act as promptly as possible to return the matter to its magistrate to enter the decision on June's spousal support request that the magistrate indicated he would enter, and to thereafter dispose of any objections to that decision and enter a proper final order at the earliest possible time.
{¶ 21} The appeal is dismissed.
WOLFF, P.J., FAIN, and GRADY, JJ. concur.
[1] For purposes of clarity and economy, the parties are identified bytheir first names.