DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal by Defendant-Appellant Cary Blankenship from an entry of the Hocking County Court of Common Pleas, ruling on appellant's objections to the magistrate's decision. We dismiss the appeal for lack of a final appealable order.
 I. Proceedings Below {¶ 2} Plaintiff-Appellee Charletta S. Blankenship and Defendant-Appellant Cary Blankenship were married on October 9, 1984. Although they each had children outside of their current marriage, the two produced no offspring during their marriage to each other. On October 2, 2000, appellee filed for divorce. Appellant filed an answer and counterclaim on October 26, 2000. The matter was referred to the trial court's magistrate, who held a final hearing on August 6, 2001.
 {¶ 3} The magistrate filed a decision on January 28, 2002. The decision granted divorce to both parties on the grounds of incompatibility. The decision also included an award for spousal support as well as numerous awards concerning the division of property. Appellant filed objections to the magistrate's decision with respect to the award of spousal support and several of the magistrate's rulings considering the division of property. Appellant duly filed a transcript of the magistrate's hearing with the objections.
 {¶ 4} On April 11, 2002, the trial court held a hearing on the objections. Thereafter, the trial court issued its judgment entry ruling on the objections. The entry states:
 {¶ 5} "This cause came on regularly for oral hearing on the [appellant's] objections to the magistrate's decision filed January 28, 2002. Each objection will be dealt with separately below.
 {¶ 6} "1) Health Insurance Premiums — This matter was settled at the objections hearing. The [appellant] will pay premiums to cover the [appellee's] insurance for a period of 1 year from the date of this entry.
 {¶ 7} "2) PPG Industries Savings Plan — The [appellee] shall assume all tax liabilities on the portion that she receives.
 {¶ 8} "3) Pre-Marital Nature of the Guns — Two guns are found to be pre-marital assets of the [appellant], a 30-30 and a buffalo pistol, with a total value of $600.00, which reduce the value found at 22(c) in the magistrate's decision to $10,370.00, thus reducing her payment under section 7(D) to $9,770.00.
 {¶ 9} "4) The objection to the real estate proceeds distribution
is hereby overruled.
 {¶ 10} "5) Upon review of the transcript, the court finds that the evidence is insufficient to support an award of permanent spousal support. The term is hereby reduced to a 10 year period, terminating in 120 months from the date of this entry, or until her death, whichever occurs first.
 {¶ 11} "SO ORDERED.
 {¶ 12} "/s/Judge"
 {¶ 13} The court identified its entry as a final appealable order. However, the judgment entry failed to adopt the magistrate's decision.
 II. The Appeal {¶ 14} Appellant timely filed this appeal assigning two errors for our review:
 {¶ 15} First Assignment of Error: "The lower court erred to the prejudice of appellant and abused its discretion when it failed to properly evaluate the award of spousal support in light of the factors of ORC 3105.18."
 {¶ 16} Second Assignment of Error: "The lower court abused its discretion and erred to the prejudice of appellant when it rendered its decision regarding division of property.
 A. Final Appealable Order {¶ 17} Initially, we must address the threshold issue of whether this Court has jurisdiction to address appellant's assignments of error on their merits. In the event that the parties involved in the appeal do not raise this jurisdictional issue, as in this case, then we must raise it sua sponte. See Whitaker-Merrell Co. v. Guepel Const. Co. (1972),29 Ohio St.2d 184, 186, 280 N.E.2d 922. R.C. 2505.02 states that, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). If an order is not "final," then we have no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Rini (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, 617 N.E.2d 701.
 {¶ 18} Civ.R. 53(E)(4) guides the court's action on the magistrate's decision. Paragraph (a) states:
 {¶ 19} "The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 20} The process is similar in the event that written objections to the magistrate's decision are filed. Civ.R. 53(E)(4)(b) states, in pertinent part, that:
 {¶ 21} "The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter."
 {¶ 22} The plain dictate of Civ.R. 53(E)(4) is that the court, "if it intends to rely on the rule to enter judgment, must state affirmatively that it adopts the decision of its magistrate, as written or modified by the court." McClain v. McClain, 2nd Dist. No. 02CA04,2002-Ohio-4971, at ¶ 17. "It is fundamental that the trial court employ diction which should include sufficient operative, action-like and conclusionary verbiage to satisfy the foregoing fundamental elements. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations." In re Michael (1991),71 Ohio App.3d 727, 730, 595 N.E.2d 397, quoting Cox v. Cox (Mar. 15, 1991), Trumbull App. No. 90-T-4396.
 {¶ 23} "A ruling entered pursuant to Civ.R. 53(E)(4) which merely overrules and/or sustains objections to a magistrate's decision without also adopting it is not a final, appealable order." McClain, supra, at ¶ 19. The final determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to the judgment entry. See Michael, supra. A judgment entry that does not sufficiently adopt the magistrate's decision fails to inform the parties of their rights and fails to satisfy the duty imposed on courts by Civ.R. 53(E)(4).
 {¶ 24} The trial court's entry did not adopt the decision of the magistrate. Therefore, the magistrate's decision never became effective. As such, the judgment entry was not a final appealable order. While the result we reach may seem severe, strict adherence to the rule is necessary for the accurate disposition of appeals.
 III. Conclusion {¶ 25} Absent a final appealable order, we lack jurisdiction to review the errors assigned. See Davison, supra. Accordingly, the appeal is dismissed.
Appeal dismissed.