{¶ 77} I respectfully dissent, as this matter should be reversed and remanded, in its entirety, due to the absence of a final appealable order with respect to Claxton's motion to vacate.
 {¶ 78} Under the eighth assignment of error, the majority determines that the trial court approved the magistrate's vacation of the April 4, 2000 judgment entries. An examination of the record, however, establishes that the magistrate's decision to vacate was never adopted by the trial court via a judgment entry. Therefore, any further proceedings or determinations subsequent to the April 4, 2002 judgment entries are void as there is no final appealable order regarding Claxton's motion to vacate.
 {¶ 79} Pursuant to Civ. R. 53(C)(1)(a)(i), the trial court has the authority to refer a magistrate to a post-judgment motion, such as a motion to vacate under Civ. R. 60(B). Nevertheless, a magistrate serves "only in an advisory capacity to the court and [has] no authority to render final judgments affecting the parties." Takacs v. Baldwin (1995), 106 Ohio App.3d 196, 208. Accordingly, the trial court must approve the magistrate's report and enter it upon its own record for that report to have any valid or binding effect. Id.
 {¶ 80} Civ. R. 53(E)(4) directs that a magistrate's report is effective only when the trial court "adopt[s]" the magistrate's decision and "enters judgment." See, e.g., Conrad v. Conrad,
9th Dist. No. 21394, 2003-Ohio-2712, at ¶ 3. To properly enter judgment, the trial court must issue a judgment entry that contains language which sets forth the court's own determination of the matter. Id. at ¶ 4. In doing so, the trial court "`must sufficiently address [the] issues so that the parties may know their rights and obligations by referring only to that document known as the judgment entry.'" In re Zakov (1995),107 Ohio App.3d 716, 717, quoting In re Michael (1991),71 Ohio App.3d 727, 729.
 {¶ 81} Here, the trial court failed to adopt and enter judgment with respect to the magistrate's order to vacate the April 4, 2002 judgment entries. Neither the court's April 16, 2003 determination overruling Jonita's objections nor the court's November 5, 2003 findings of fact expressly adopted the magistrate's decision to vacate the judgment entry. To the contrary, the court merely overruled Jonita's objections without further explanation and made a factual finding that the April 4, 2002 judgment entry had previously been vacated.
 {¶ 82} Moreover, absent from the record is any language which sets forth the trial court's independent determination of the vacation issue addressed by the magistrate's order. The trial court simply failed to issue a judgment entry that adequately addresses the motion to vacate.
 {¶ 83} The magistrate's order is not a "judgment" and, therefore, does not represent a final appealable order. As a result, the proceedings and determinations made by the trial court following the magistrate's order are void. Thus, I would reverse the judgment of the trial court, in its entirety, and remand this matter to allow the trial court the opportunity to adopt, modify, or reject the magistrate's order and proceed accordingly. To this end, I dissent.