DECISION AND JOURNAL ENTRY
{¶ 1} Appellants and Cross-Appellees, Donald and Barbara Schaffer, and Appellee and Cross-Appellant, FirstMerit Bank, N.A., appeal from the judgment of the Lorain County Court of Common Pleas. This Court dismisses the appeals for lack of a final, appealable order.
 I. {¶ 2} On October 6, 1998, Donald Schaffer, along with Grafton Janitorial Services ("GJS") as co-maker, executed a promissory note with FirstMerit Bank ("FirstMerit"). Under the terms of the note, FirstMerit extended a line of credit of $25,000 to GJS, with Schaffer as the guarantor. On January 8, 1999, the parties executed an amendment to the note ("Amendment 1"), in which the line of credit was increased to $35,000. On June 22, 1999, the parties executed a second amendment to the note ("Amendment 2"), which increased the line of credit to $50,000. Schaffer was a co-maker of both amendments and remained as guarantor of each of these amended versions of the note. *Page 2 
 {¶ 3} On or about October 2, 2001, the parties executed a third amendment to the note ("Amendment 3"). Amendment 3 deleted the line of credit provisions on the note, established a maturity date of August 25, 2002, changed the payment due date from the 6th to the 25th of each month, and provided for monthly payments of the principal and interest beginning in October of 2001. Amendment 3 was signed by FirstMerit and by GJS, "by Donald J. Schaffer, President."
 {¶ 4} On August 25, 2002, the obligation under the promissory note matured. In a letter dated November 19, 2002, FirstMerit notified Schaffer and GJS that the amount owed under the amended promissory note was past due, and that both were in default of their stated obligations. On December 2, 2002, to satisfy the amount owed and past due under the note, FirstMerit debited the Schaffers' joint savings account in the amount of $35,787.24.
 {¶ 5} On May 23, 2003, the Schaffers filed a complaint against FirstMerit, alleging conversion and breach of an implied contract to return the funds allegedly wrongfully debited from their account. The Schaffers requested both compensatory and punitive damages. On October 19, 2005, the Schaffers dismissed the complaint without prejudice. On November 16, 2005, the Schaffers refiled their action, incorporating the same allegations. Following discovery, FirstMerit filed a motion for summary judgment, alleging that the Schaffers were personally liable for the amount owed and that it was entitled to debit funds from the account to satisfy the Schaffers' obligation. On November 1, 2006, the trial court denied FirstMerit's motion. The case was set to proceed to trial on April 16, 2007.
 {¶ 6} Prior to trial, the Schaffers filed a motion for directed verdict. Following a pre-trial conference, the trial court canceled the trial and elected to reconsider FirstMerit's motion for summary judgment. The trial court also ordered that it would treat the Schaffers' motion for directed verdict as a motion for summary judgment and issue a ruling as to liability. On *Page 3 
November 14, 2007, the trial court issued a judgment entry finding in favor of the Schaffers and awarding them $35,787.24 in damages. The court summarily denied the Schaffers' request for punitive damages.
 {¶ 7} The Schaffers appealed the trial court's decision, raising one assignment of error. FirstMerit also appealed the trial court's decision, raising four assignments of error. We have combined the parties' assignments of error for ease of review.
 II. THE SCHAFFERS' ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF [THE SCHAFFERS'] IN, SUA SPONTE, DISMISSING [THE SCHAFFERS'] CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES ATTENDANT TO THEIR CLAIM OF CONVERSION WHERE THE TRIAL COURT HAD GRANTED A MOTION FOR DIRECTED VERDICT IN FAVOR OF THEM ON THAT CLAIM."
 FIRSTMERIT'S ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT DENIED FIRSTMERIT'S MOTION FOR SUMMARY JUDGMENT."
 FIRSTMERIT'S ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE PROMISSORY NOTE, AS AMENDED, WAS AMBIGUOUS."
 FIRSTMERIT'S ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT GRANTED THE SCHAFFER MOTION AS THE SAME WAS NOT PROPERLY MADE IN ACCORDANCE WITH OHIO R. CIV. P. 50(A)(1)."
 FIRSTMERIT'S ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED WHEN IT GRANTED THE SCHAFFER MOTION, AS GENUINE ISSUES OF FACT REMAIN FOR DETERMINATION BY THE JURY WITH RESPECT TO WHETHER THE PARTIES INTENDED TO RELEASE DONALD SCHAFFER FROM PERSONAL LIABILITY UNDER THE PROMISSORY NOTE, AS AMENDED." *Page 4 
 {¶ 8} Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. "`A judgment is the final determination of a court of competent jurisdiction upon matters submitted to it.'" Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 214, quoting State ex rel.Curran v. Brookes (1943), 142 Ohio St. 107, paragraph two of the syllabus. "`A final judgment is one which determines the merits of the case and makes an end to it.'" Id., quoting Curran, 142 Ohio St. at 110.
 {¶ 9} R.C. 2505.02(B)(1) provides that a decision "affect[ing] a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. However, "[w]hen an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ. R. 54(B) that there is no just cause for delay, the order is not final and appealable." Oakley v.Citizens Bank of Logan, 4th Dist. No. 03CA013, 2004-Ohio-1995, at ¶ 3, citing Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77. To determine whether an order disposes of all the claims and liabilities of the parties, this Court looks to the language employed in the judgment entry of the trial court. Harkai, 136 Ohio App.3d at 215, citing Peters v. Arbaugh (1976), 50 Ohio App.2d 30, 32-33.
 {¶ 10} We find that the trial court's judgment entry of November 14, 2007 does not constitute a final, appealable order. The Schaffers' complaint alleged two distinct causes of action against FirstMerit: breach of implied contract and conversion. However, the trial court failed to clearly articulate whether it disposed of the Schaffers' claim for conversion, breach of implied contract, or both. The court limited its analysis to the terms of the final amended promissory note. Although the trial court's end result is to find FirstMerit liable, it remains *Page 5 
unclear whether FirstMerit has been found liable for conversion, breach of implied contract or both.
 {¶ 11} Likewise, the trial court has failed to make clear, in awarding the Schaffers $35,787.24 in compensatory damages plus interest, whether it granted relief on the Schaffers' claim for breach of implied contract, conversion or both. Although this is the amount the Schaffers sought in compensatory damages in their claim for breach of implied contract, it is also the amount alleged to have been wrongfully converted from the Schaffers' joint savings account. The trial court's judgment entry also summarily denies the Schaffers' claim for punitive damages attendant to their claim of conversion. As this Court has previously explained:
 "Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2.
 {¶ 12} Because the language employed by the trial court does not specifically delineate whether the judgment entry disposes of one or more of the Schaffers' claims for conversion and breach of implied contract, or whether the trial court's award of compensatory damages arises from the Schaffers' conversion or breach of implied contract claim, we cannot conclude that the trial court has disposed of all of the claims and liabilities of the parties. Thus, the trial court's judgment entry, dated November 14, 2007, does not constitute a final, appealable order, and we are without jurisdiction to hear this matter.
 III. {¶ 13} The appeals are dismissed for lack of jurisdiction.
 Appeals dismissed. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
 CARR, P. J. SLABY, J. CONCUR *Page 1