## HESSON v DAVIDSON

Ohio Appeals, 9th Dist, Summit Co

No 2559.   Decided June 4, 1935

Myers, Dinsmore & Whittemore, Akron, for plaintiff.

Edward L. Laushell, Akron, for defendant.

## OPINION

By STEVENS, J.

It is conceded by counsel for defendant that defendant converted the personal property for which recovery is sought, and that defendant is liable to respond for the difference between what plaintiff owed defendant and the amount received from the sale of the collateral.

The controversy, however, arises upon the question as to the date for determination of the value of the collateral which was converted.

Defendant claims that the value of the collateral converted must be determined as of the date of the conversion, which would be Sept. 6, 1933.

That rule has been announced by the Supreme Court of Ohio in **Railway Co. v Hutchins**, 32 Oh St 571, and in **Erie Rd. Co. v Steinberg**, 94 Oh St 189, and we are unable to discover that the rule, so announced, has been modified in any way.

It will be noted, however, that the second syllabus of the Steinberg case, supra, provides as follows:

"2. In a suit for conversion, where the facts do not authorize the assessment of exemplary damages, the general rule for the measure of damages is the value of the property at the time of the conversion."

It is stated in **Railroad Co. v Hutchins**, 37 Oh St 282, at p. 294, that—
"Another undoubted doctrine of the law is, that a person whose property is wrongfully taken or withheld from him, may waive his right to the property in specie, and elect to pursue a remedy for damages only; and in such case, the general rule for the measure of damages is the value of the property at the time it was taken, or converted by the wrong-doer. * * * True, the law permits an award of damages in excess of this rule of compensation, when the wrongful act was wanton or otherwise aggravated. But this is permitted by way of punishing the wrong-doer, and for example's sake. It is not a matter of legal right in the injured party. For every wrong done, if it can be redressed in damages, the rule is that the injured party shall have compensatory damages, and if the wrongful act was willful, wanton or malicious, punitive damages may also be awarded."

See also, **A. & P. Coal & L. Co. v Tracy, 22 Oh Ap 21, at pp. 34-35 (4 Abs 780).**

The facts disclosed by the transcript, supplemented by the evidence offered before us, in the opinion of this court show a wanton, willful and malicious conversion; one which amply warrants the assessment of punitive damages.

We accordingly hold that plaintiff may recover from defendant, as compensatory and punitive damages, the sum of $544.24.

For said sum, a decree may be prepared, entering judgment against defendant and in favor of plaintiff, with exceptions to defendant.

FUNK, PJ, and WASHBURN, J, concur in judgment.