DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Arwen Eakin, appeals the decision of the Lorain County Court of Common Pleas granting summary judgment to Appellees, Lakeland Glass Co. (Lakeland), Chris Sofranko, the Vice-President of Lakeland, and Scott Kosman, the President of Lakeland.[1] We affirm in part and reverse in part.
 {¶ 2} Appellant began working for Lakeland in August of 2000 as a receptionist. She maintains that she was subjected to sexually harassing behavior beginning in December of 2000. In June, 2001, Appellant complained to the president of Lakeland. Thereafter, the sexually harassing behavior stopped. In September of 2002, Appellant submitted a voluntary resignation. She had found a higher paying job with more benefits. Initially, she told Appellees that she would be working for a medical office. When Appellees found out that, in fact, she had accepted a position with their competitor, she was asked to leave before she finished her final two weeks.
 {¶ 3} On December 31, 2002, Appellant filed the instant action. She alleged various claims of sexual harassment, negligence, retaliation and wrongful discharge. Appellees filed a joint motion for summary judgment on all claims. By journal entry, dated April 16, 2004, the trial court granted Appellees' motion for summary judgment. Appellant appeals, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred by granting [Appellees'] Motion for Summary Judgment on [Appellant's] claim of sexual harassment and hostile work environment."
 {¶ 4} In her first assignment of error, Appellant claims that the trial court erred in granting summary judgment in favor of Appellees' on her claims of sexual harassment and hostile work environment. Specifically, she claims that "[t]here is a genuine issue of material fact as to whether [Appellant] can establish a violation of [R.C.] 4112.02 and4112.99." We agree.
 {¶ 5} We begin by noting that appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party. Civ. R. 56(C); Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 6} Summary judgment is proper under Civ. R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 8} Federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112. Plumbers Steamfitters Commt. v. Ohio Civ. RightsComm. (1981), 66 Ohio St.2d 192, 196. In this case, Appellant claims that there remain genuine issues as to whether she can establish a violation of R.C. 4112.02(A) and 4112.99. R.C. 4112.02(A) provides:
 "It shall be an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
R.C. 4112.99 provides, in its entirety, "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." R.C. 4112.02(A)'s prohibition against employment discrimination has also been held to prohibit sexual harassment. SeeHelmick v. Cincinnati Word Processing, Inc. (1989) 45 Ohio St.3d 131, 135.
 {¶ 9} Sexual harassment cases that constitute discrimination based on sex may be divided into two categories: quid pro quo cases and hostile work environment cases. Sheffield v. Ohio Civ. Rights Comm. (June 7, 2000) 9th Dist. No. 99CA007283, at 10. Quid pro quo harassment cases are those that are "directly linked to the grant or denial of a tangible economic benefit" while hostile environment cases involve "harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment." Hampel v. FoodIngredients Specialties, Inc. (2000), 89 Ohio St.3d 169, 176. In this case, Appellant maintains that she has suffered from hostile work environment harassment.
 {¶ 10} To establish a claim brought under R.C. Chapter 4112 against an employer for hostile work environment sexual harassment, a plaintiff must establish that:
 "(1) the employee was a member of the protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based upon sex; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability." (Citations omitted.) Cechowski v. Goodwill Indus. (May 14, 1997), 9th Dist. No. 17944, at 7-8.
 {¶ 11} In determining whether a work environment is sufficiently hostile to warrant a finding of sexual harassment, we consider the totality of the circumstances including the frequency, severity and type of offensive conduct, and whether such conduct unreasonable interferes with the employee's work performance. Varner v. Goodyear Tire RubberCo., 9th Dist. No. 21901, 2004-Ohio-4946, at ¶ 18, citing Harris v.Forklift Systems, Inc. (1993), 510 U.S.17, 23, 126 L.Ed.2d 295. This Court notes that the "standards for judging hostility are demanding such that `the ordinary tribulations of the work place, such as, sporadic use of abusive language, gender-related jokes, and occasional teasing' will not constitute a hostile work environment." Varner at ¶ 19, quotingFaragher v. City of Boca Raton (1998), 524 U.S. 775, 788, 141 L.Ed.2d 662.
 {¶ 12} In the case at hand, Appellant complained that Chris Sofranko did the following things: sent her inappropriate emails, grabbed the front of her shirt, touched her breast and pulled her shirt up, commenting that it was falling down, he commented that she looked like a hooker, told her boyfriend that she "look[ed] really good bent over in tight little pants with * * * thong panties showing," pretended to drop a quarter inside her pants and reached into her pants to retrieve it, told her that he saw a picture of her at a job site, the picture was of a couple engaging in intercourse with Appellant's name written on the poster, and gave her money to purchase a soft drink, telling her that was "all [she] was worth last night."
 {¶ 13} The United States Supreme Court has held that a hostile work environment claim cannot stand unless "(1) the victim subjectively perceives the environment to be abusive, and (2) the conduct actually alters the conditions of the victim's employment." Cechowski, supra, at 8, citing Harris, 510 U.S. at 22. "A key element of a hostile work environment claim is that the hostile environment must have changed the working conditions for the party bringing the claim." Sheffield, supra, at 14.
 {¶ 14} "Whether a work environment is a hostile environment is a question of fact." Peterson v. Buckeye Steel Casings (1999),133 Ohio App.3d 715, 724, citing Rabidue v. Osceola Refining Co.
(C.A.6 1986), 805 F.2d 611, 622. All evidence submitted in connection with a motion for summary judgment must be viewed in a light most favorable to the nonmoving party, in this case, Appellant. Morris v.First Natl. Bank Trust Co. (1970), 21 Ohio St.2d 25, 28. This court finds that, taken as true, Appellant's allegations create a genuine issue of material fact as to whether Chris Sofranko's actions resulted in an intimidating, hostile or offensive work environment and whether the hostile environment that he created changed the working condition for Appellant.
 {¶ 15} We find that Appellees' have not met their burden and established that there were no genuine issues of material fact and that they were entitled to summary judgment as a matter of law. Appellant has presented sufficient evidence to overcome summary judgment; there remains an issue of whether Chris Sofranko's actions created a hostile work environment, and whether Appellant's working conditions had changed as a result. Therefore, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"The trial court erred by granting [Appellees'] Motion for Summary Judgment on [Appellant's] claim of retaliation for reporting sexual harassment."
 {¶ 16} In her second assignment of error, Appellant claims that the trial court wrongly granted summary judgment in favor of the Appellees' on her claim of retaliation. We disagree.
 {¶ 17} Ohio law prohibits retaliating against an employee who has opposed any unlawful discriminatory practice or has made a charge, testified, assisted or participated in any way in an investigation, proceeding or hearing under R.C. 4112.01 through R.C. 4112.07. R.C. 4112.02(I), Hann v. Perkins Twp. Bd. of Trustees, 6th Dist. No. E-03-025, 2004-Ohio-3445, at ¶ 12-15.
 {¶ 18} To establish a prima facie retaliation case, the Appellant must establish the following factors:
 "(1) [s]he was engaged in activity protected by Title VII, (2) the activity was known to the defendant, (3) [s]he was subjected to tangible employment action, and (4) there is a causal link between the protected activity and the adverse employment action." Wade v. Knoxville Utils. Bd. (C.A.6, 2001), 259 F.3d 452, 463. See, also, Varner, at ¶ 10.
 {¶ 19} In considering whether an employment action was materially adverse, the court may consider the following factors: whether employment was terminated, whether the employee was demoted, received a "`decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" Peterson,133 Ohio App.3d at 729, quoting Crady v. Liberty Natl. Bank TrustCo. (C.A.7, 1993), 993 F.2d 132, 136. Changes in employment conditions that result merely in inconvenience or an alteration of job responsibilities are not disruptive enough to constitute an adverse employment action. Kocsis v. Multi-Care Mgmt., Inc. (C.A.6, 1997),97 F.3d 876, 886.
 {¶ 20} In the case at hand, Appellant's job description did not change. She was not demoted. In fact, she received two pay raises from the time she had complained about the offensive behavior at issue. Appellant complains that she was told to address superiors as "Mr." and knock on office doors before entering, while other employees were not required to do the same. She further claims that she was being retaliated against because she was disciplined for opening a letter marked "confidential," and once she was admonished for inappropriate dress. We do not find that the conditions Appellant complains of amount to a retaliation claim. Appellant has not presented any evidence showing that she suffered any loss of benefits, wages, that her title changed, or that her duties changed.
 {¶ 21} To support a retaliation claim, Appellant must show that the change in her employment conditions was more disruptive than a mere inconvenience or an alteration of job responsibilities. Bowers v.Hamilton City Sch. Dist. Bd. of Educ. (Mar. 25, 2002), 12th Dist. No. CA2001-07-160, citing Kocsis, 97 F.3d at 886. We do not find that Appellant has met her burden.
 {¶ 22} Appellant's second assignment of error is not well taken. We affirm the decision of the Lorain County Court of Common Pleas granting Appellees' summary judgment as to the retaliation claim.
 ASSIGNMENT OF ERROR III
"The trial court erred by granting [Appellees'] Motion for Summary Judgment on [Appellant's] claim of public policy sexual harassment and wrongful discharge in violation of public policy."
 {¶ 23} In her final assignment of error, Appellant claims that she was wrongfully discharged, and that the court erred by granting Appellees' motion for summary judgment on that issue. We disagree.
 {¶ 24} The evidence presented shows that Appellant voluntarily submitted a written resignation in September of 2002. She wrote that she found a better paying position and submitted her two weeks notice. She had told Appellees' that she would be working for a medical office. When Appellees' found out that Appellant was in fact going to work for their competitor, and because she had lied about it, Appellees' told her to leave immediately rather than work through the two-week notice period. We find no evidence of wrongful discharge in violation of public policy.
 {¶ 25} Appellant argues that while she may not have been actually discharged initially, she submitted her resignation because she was constructively discharged from her position. "The test for determining whether an employee was constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign." Mauzy v. Kelly Services, Inc.. (1996), 75 Ohio St. 3d 578, paragraph four of syllabus.
 {¶ 26} Appellant has not shown that the working conditions were so harsh that a reasonable person would have felt compelled to resign. Appellant stayed on with Lakeland for over a year after she had complained of the offensive behavior. She admits that all sexually offensive behavior had stopped after she had complained about it. There is no evidence that Appellant suffered any demotions at work as a result of her complaining. She kept her position and, in fact, received two raises from the time that she complained until she put in her two weeks notice.
 {¶ 27} Such circumstances did not create a working environment so intolerable that under the same conditions, a reasonable person would have felt compelled to resign. We do not find that Appellant was constructively discharged. She voluntarily put in her two weeks notice to go and take a better paying position with more benefits.
 {¶ 28} Because we have concluded that Appellant was neither involuntarily nor constructively discharged, we need not decide whether there was a violation of public policy. See O'Sullivan v. ProvidentBancorp (Dec. 26, 1997), 1st Dist. No. C-970141. Appellant's third assignment of error is overruled.
 {¶ 29} We sustain Appellant's first assignment of error, overrule her second and third assignments of error, and remand to the trial court for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to both parties equally.
Exceptions.
Baird, J. Concurs.
[1] The trial court also granted summary judgment to Lorain Glass Co., Inc. a parent corporation of Lakeland. Lorain Glass Co., Inc. maintained in its motion for summary judgment that it was not Eakin's employer and not a proper party to this case. Appellant has not appealed the trial court's decision as to Lorain Glass.