DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Joy Scarvelli appeals from the Lorain County Court of Common Pleas, which granted summary judgment to Appellee Melmont Holding Co., aka Midwest R Corporation, dba Burger King. This Court reverses.
 I. {¶ 2} Appellant was an employee at Appellee's Burger King franchise. On June 1, 2004, she filed the present lawsuit against Appellee, alleging quid pro quo sexual harassment. On July 21, 2002, she was alone in the restaurant with Nate Jones, a third-assistant manager, finishing the tasks necessary to close for the evening. She claims that this third-assistant manager ordered her to show him her breasts, perform oral sex, and engage in sexual intercourse in the restaurant's office, or else he would have her fired. Believing her job to be in jeopardy, she complied. Appellant did not allege any other incidents of harassment.
 {¶ 3} Appellee moved for summary judgment and offered proof that the incident did not occur. Appellee also argued that, even if it did occur, it was voluntary (i.e., not sexual harassment) because the third-assistant manager had no authority to fire her and her claim was beyond belief. Finally, Appellee claimed that it was not subject to vicarious liability under the circumstances. Appellant pointed to her deposition testimony as evidence of the incident and that her belief, even if mistaken, was justified. The trial court granted summary judgment on the following basis:
"[P]laintiff has not produced enough reasonably credible evidence to carry her Rule 56 burden; that is to say, even given the facts as she presents them above, plaintiff has simply failed to proffer any reliable proofs for a prima facie claim of quidpro quo sexual harassment. Indeed all of the evidence presented by plaintiff overwhelmingly suggests that whatever may have occurred between herself and her co-worker that evening was of a voluntary nature and not a matter of genuine coercion." (Emphasis sic.)
 {¶ 4} Appellant timely appealed from this order, asserting two assignments of error for review.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THERE WERE TRIABLE ISSUES OF FACT THAT APPELLANT SUFFERED QUID PROQUO SEXUAL HARASSMENT."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THE SUBMISSION UNDERLYING A CLAIM OF QUID PRO QUO HARASSMENT NEED NOT BE INVOLUNTARY."
 {¶ 5} In her first assignment of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment because she had established that she suffered a tangible job detriment and presented evidence regarding Jones' authority. Appellant essentially asserts that she met her threshold burden on all of the elements of quid pro quo harassment to survive summary judgment. In her second assignment of error, Appellant argues that the court erred in granting Appellee's summary judgment motion. Specifically, Appellant argues that the court impermissibly weighed the evidence and judged the credibility of the parties when reaching its determination that Appellant's actions were voluntary. We agree with both of Appellant's contentions.
 {¶ 6} Appellate courts review decisions on summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
Any doubt is to be resolved in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 8} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. The dispute must also be genuine:
"The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (Internal quotations and citations omitted.) 60 Ivy Street Corp. v.Alexander (C.A.6, 1987), 822 F.2d 1432, 1435-36.
 {¶ 9} The nonmoving party is merely required to put forth "some significant probative evidence," i.e., "[e]vidence that tends to prove or disprove a point in issue," see Black's Law Dictionary (7 Ed. 1999) 579, which then makes it necessary to resolve the parties' disparate renditions of the dispute. (Emphasis added.) 60 Ivy Street Corp., 822 F.2d at 1435.
 {¶ 10} To survive summary judgment, Appellant had to point to some evidence to support each element of her claim. That is, as a quid pro quo sexual harassment plaintiff, she had to show that: (1) she was a member of a protected class; (2) she was subjected to unwelcomed sexual harassment in the form of the request for sexual favors; (3) the harassment complained of was based on sex; (4) her submission was an express or implied condition for receiving job benefits; and (5) the existence of respondeat superior liability. See Chamberlin v. Buick Youngstown Co., 7th Dist. No. 02-CA-115, 2003-Ohio-3486, at ¶ 28, citing Harmon v.Belcan Eng. Group, Inc. (1997), 119 Ohio App.3d 435, 437, citingKauffman v. Allied Signal, Inc. (C.A.6, 1992), 970 F.2d 178,185-86; Highlander v. K.F.C. Natl. Mgt. Co. (C.A.6, 1986),805 F.2d 644, 648.[1], [2]
 {¶ 11} "[O]nce sex discrimination is assumed, * * * principles of agency law, and not the labels `quid pro quo' and `hostile work environment,' are controlling on the question of an employer's vicarious liability." Jin v. Metro. Life Ins. Co.
(C.A.2, 2002), 310 F.3d 84, 91. Ohio law defines the term "employer," as it is used in R.C. Chapter 4112 employment discrimination cases, in a broader sense, including "any person employing four or more persons within the state," and "any person acting directly, or indirectly in the interest of the employer." R.C. 4112.01(A)(2). "Therefore, evidence of supervisory power which has no economic effect on the plaintiff may be considered under the state discrimination statute." McCormick v. KmartDistrib. Ctr. (N.D.Ohio 2001), 163 F.Supp.2d 807, 822. Furthermore, under agency law, an employer can be held liable for sexual harassment committed by an employee "when the employee uses apparent authority (the apparent authority standard), or when the employee `was aided in accomplishing the tort by the existence of the agency relation' (the aided in the agency relation standard)." Burlington Industries, Inc. v. Ellerth
(1998), 524 U.S. 742, 759, 141 L.Ed.2d 633.
 {¶ 12} In support of her opposition to Appellee's motion for summary judgment, Appellant referenced her deposition testimony. In her testimony, Appellant asserted that Jones and another individual asked to see her breasts but that she ignored this comment. Later in the evening, Jones posed the request again and also asked her to perform oral sex on him. He indicated to her twice that if she did not comply he would get her fired. Appellant asserted in her deposition that she initially resisted but later submitted and engaged in both oral sex and "sex." In addition, Appellant referenced the testimony of Stephanie Fox, the Burger King Restaurant manager. Fox testified regarding third-assistant managers' general ability to "write an employee up" and consult with restaurant managers regarding an employee's termination. Appellant also had testified in deposition that she understood Jones, a third-assistant manager, to be one of her supervisors on the day in question.
 {¶ 13} We do not reach a determination as to whether the voluntariness of Appellant's submission is material to and dispositive of her quid pro quo sexual harassment claim. We do not need to address the substance of this specific argument because our review of the trial court's rationale leads us to conclude that the trial court effectively weighed the evidence and credibility of Appellant's allegations and enforced its own factual conclusion regarding the evidence. This is not permissible on summary judgment. See 60 Ivy Street Corp.,822 F.2d at 1435-36.
 {¶ 14} In this case, the trial court assessed the factual circumstances that occurred subsequent to the incident in question, in order to determine that Appellant's submission to the manager's demands had been voluntary. It is not the duty of a trial court or an appellate court to judge the evidence presented by Appellant as the non-movant on summary judgment; that job is properly reserved for the finder of fact. See at B.F. GoodrichCo. v. Commercial Union Ins., 9th Dist. No. 20936, 2002-Ohio-5033, at ¶ 37. Thus, we must conclude, that, upon viewing the evidence in the light most favorable to Appellant, Appellant produced sufficient probative evidence to establish a genuine dispute over material facts. See Dresher,75 Ohio St.3d at 293.
 {¶ 15} Appellant's first and second assignments of error are sustained.
 III. {¶ 16} Appellant's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, P.J. Moore, J. concur.
[1] We recognize that some Ohio Districts omit this fifth element, and do so in express reliance on Schmitz v. Bob EvansFarms, Inc. (1997), 120 Ohio App.3d 264, 269, which lists only four elements. We believe this reliance is misplaced. Schmitz
purports to rely on Kaufman, 970 F.2d at 186, as authority for its four-element test, but a review of Kaufman reveals that it includes all five elements. Similarly, Harmon,119 Ohio App.3d at 437 (cited above), was issued contemporaneously withSchmitz, and properly cites Kaufman for the five-element test. We also note that this Court includes this fifth element in our "hostile work environment" test, and we see no basis for inconsistency. See Eakin v. Lakeland Glass Co., 9th Dist. No. 04CA008492, 2005-Ohio-266, at ¶ 10.
[2] Federal case law concerning Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42 U.S. Code, applies to cases involving R.C. Chapter 4112 violations. Plumbers Steamfitters Commt. v. Ohio Civ. Rights Comm. (1981),66 Ohio St.2d 192, 196.