DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Because Melvin Cook's workers did not apply a black felt underlayment before installing the asphalt shingles for Charles R. Minson's new roof, Mr. Minson refused to pay him. The City of Akron's building code and the instructions for the new shingles required an underlayment. A magistrate found that, because the roof did not comply with the City's or the shingle manufacturer's requirements, Mr. Cook had breached the parties' contract. Mr. Cook filed objections, which the trial court overruled as untimely. This Court affirms because Mr. Cook did not file objections to the magistrate's decision within 14 days of that decision, and because he has failed to demonstrate plain error.
 FACTS {¶ 2} Mr. Minson hired Mr. Cook after receiving a letter from the Akron Health Department ordering him to replace his roof, gutters, and downspouts. The parties entered into a *Page 2 
contract that required Mr. Cook to "tear off existing shingle[s] on the main roof and front porch and install 35 year dimensional shingles. Install all new gutters and downspouts." It also provided that "[a]ll material is guaranteed to be as specified, and the above work to be . . . completed in a substantial workmanlike manner. . . ." Mr. Minson agreed to pay $1800 down and another $1800 when the work was complete.
 {¶ 3} Although Mr. Minson did not need a permit to re-roof his house, the City's building code required asphalt-shingle roofs to be installed in accordance with the shingles' instructions and have an underlayment that conformed to American Society for Testing and Materials standards. The instructions for the shingles also required that an underlayment be applied before they were installed. The instructions further provided that, if they were not followed, the shingles would not qualify for their manufacturer's warranty.
 {¶ 4} According to Mr. Minson, he observed Mr. Cook's workers nailing shingles directly to the roof sheathing, without the black felt underlayment, on a couple of occasions. He, therefore, refused to pay Mr. Cook the second $1800 and brought a claim for breach of contract. Mr. Cook counterclaimed, and a bench trial was held before a magistrate.
 {¶ 5} On May 23, 2007, the magistrate issued his decision. He found that Mr. Cook was unfamiliar with the City's building code requirements and that he had not read the shingles' instructions. He found that Mr. Cook had installed the roof without a black felt underlayment, which did not comply with the shingles' or the building code's requirements. He also found that the improper installation of the shingles could cause Mr. Minson to lose the benefit of their 35-year warranty. He concluded that Mr. Cook had breached the contract because he did not complete the roof in a substantially workmanlike manner. Because Mr. Minson had received the *Page 3 
benefit of new gutters and downspouts, however, the magistrate offset the value of that work against Mr. Minson's damages and ordered no money to change hands.
 {¶ 6} On June 14, 2007, Mr. Cook filed objections to the magistrate's decision. Because they had not been filed within 14 days, the trial court struck them and adopted the magistrate's decision. Mr. Cook has appealed, assigning six errors.
 UNTIMELY OBJECTION TO MAGISTRATE'S DECISION {¶ 7} Civil Rule 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Rule 53(D)(3)(b)(i) provides that objections to a magistrate's decision must be filed "within fourteen days of the filing of the decision. . . ." The magistrate filed his decision on May 23, 2007. Mr. Cook did not file his objections until June 14, 2007, which was 22 days later. Mr. Cook, therefore, failed to comply with Rule 53(D)(3)(b)(i). Accordingly, under Rule 53(D)(3)(b)(iv), this Court's review is limited to determining whether Mr. Cook has demonstrated plain error.
 PLAIN ERROR {¶ 8} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error . . . seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St. 3d 116, syllabus (1997). This is not one of those cases.
 {¶ 9} Mr. Cook has argued that the magistrate incorrectly refused to let him cross-examine Mr. Minson about the terms of the contract. The construction and interpretation of *Page 4 
contracts is a matter of law to be determined by the court.Alexander v. Buckeye Pipe Line Co., 53 Ohio St. 2d 241, paragraph one of the syllabus (1978); Ignazio v. Clear Channel Broad. Inc.,113 Ohio St. 3d 276, 2007-Ohio-1947, at ¶ 19. "A court will resort to extrinsic evidence . . . only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning." Kelly v. Med. Life Ins. Co.,31 Ohio St. 3d 130, 132 (1987). Mr. Cook has not alleged that the contract was unclear or ambiguous. He, therefore, has not established that any testimony by Mr. Minson about the contract's terms would have been relevant.
 {¶ 10} Mr. Cook has argued that the magistrate interrupted his cross-examination of Mr. Minson to chat with Mr. Minson's counsel. He has failed to allege, let alone establish, how he was prejudiced by the magistrate's exchange with opposing counsel. Mr. Cook has also argued that the magistrate refused to let his witnesses testify about the roofs high quality and about his lengthy experience in the roofing business. Because Mr. Cook failed to proffer their testimony, this Court cannot determine whether the exclusion of that testimony was prejudicial.State v. Hipkins, 69 Ohio St. 2d 80, 82 (1982) ("[I]t is well settled that when a court has sustained objections to an inquiry during the examination in chief, a statement must be made as to what the expected answer would be in order that the reviewing court can determine whether or not the [ruling] is prejudicial.").
 {¶ 11} Mr. Cook has argued that he should have been permitted to question Mr. Minson about his racial prejudices. He has failed to establish how that testimony would have been relevant to the question of whether his workers put down an underlayment before installing the new shingles. Mr. Cook has also argued that the trial court's damage award was incorrect. He has argued that the magistrate based his finding on Mr. Minson's risk of future damages rather *Page 5 
than his actual damages. His argument fails because Mr. Minson was entitled to receive what he bargained for. The magistrate found that a roofer could fix the problems with Mr. Minson's roof for $2579.52. The magistrate's conclusion that Mr. Minson suffered actual damages, therefore, was supported by the record.
 {¶ 12} Mr. Cook has argued that he did not know about the letter Mr. Minson received from the health department. The magistrate did not find in his opinion that Mr. Cook did. Mr. Cook has also argued that his workers applied a black felt underlayment on the north side of Mr. Minson's roof. Although Mr. Minson admitted that he saw Mr. Cook's workers applying an underlayment on part of his roof, he testified that he saw them "putting down shingles on bare wood" in other places. It was for the magistrate to determine whether his testimony was credible.State v. Lavery, 9th Dist. No. 20591, 2001 WL 1280565 at *2 (Oct. 24, 2001) ("[I]n a bench trial, the [magistrate or] trial court judge, as the trier of fact, determines the credibility of witnesses and the weight to be given the evidence.").
 {¶ 13} Finally, referencing the magistrate's findings of fact and conclusions of law, Mr. Cook has argued that the magistrate improperly acted as an expert witness in favor of Mr. Minson. It was the magistrate's duty, however, to determine what the facts were and whether Mr. Minson had proved his claim. Id.
 {¶ 14} Mr. Cook has not established that the magistrate or trial court committed error that "seriously affect[ed] the basic fairness, integrity, or public reputation of the judicial process." Goldfuss v.Davidson, 79 Ohio St. 3d 116, syllabus (1997). He, therefore, has failed to demonstrate plain error. His assignments of error are overruled. *Page 6 
 CONCLUSION {¶ 15} Mr. Cook did not file timely objections to the magistrate's decision and has failed to demonstrate plain error. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR. *Page 1