SCHAFFER et al., Appellants and Cross–Appellees,

v.

FIRST MERIT BANK, N.A., et al., Appellees and Cross–Appellants.

[Cite as *Schaffer v. First Merit Bank, NA*, 186 Ohio App.3d 173, 2009-Ohio-6146.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

Nos. 09CA009530 and 09CA009531.

Decided Nov. 23, 2009.

174

Richard C. Alkire, Dean Nieding, and Paul V. Wolf, for appellants and cross-appellees.

Jeffrey H. Weir II, and Joshua E. Lamb, for appellees and cross-appellants.

Per Curiam.

{¶ 1} Donald and Barbara Schaffer appeal the judgment of the Lorain County Court of Common Pleas. FirstMerit Bank, N.A., appeals the same judgment. This court affirms in part and reverses in part.

I

{¶ 2} Mr. Schaffer owned and operated Grafton Janitorial Service, Inc. ("GJS"). On October 6, 1998, Mr. Schaffer obtained a $25,000 line of credit for his company from the bank by executing a promissory note, which he signed both as "Donald J. Schaffer, President" and "Donald J. Schaffer, Cosigner." The note contains no guarantee provision, and Mr. Schaffer did not sign the note in the capacity as a guarantor. The note contained the following provision: "Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability."

{¶ 3} On January 12, 1999, Mr. Schaffer, individually and as president of GJS, and a bank representative executed a first amendment to the note, increasing the line of credit to $35,000. On June 22, 1999, Mr. Schaffer, individually and as president of GJS, and a bank representative executed a second amendment to the note, increasing the line of credit to $50,000. Both the first and second amendments to the original note contained the following provision: "It is expressly agreed by the parties hereto that this Amendment to Note does not change any other terms or conditions of said note not specifically amended herein, and that all such terms and conditions not amended shall remain in full force and effect and are expressly applicable to the terms of this Amendment to Note."

{¶ 4} On or about October 2, 2001, Mr. Schaffer, solely as president of GJS, and a bank representative executed a third amendment to the note. The note identified the bank as the holder of the note "signed by Grafton Janitorial Service, Inc. By Donald J. Schaffer, President." The amendment further enumerated several express amendments, specifically, the deletion of the line-of-credit provision, the establishment of a maturity date, the modification of the monthly due date, the establishment of an express amount due each month for a six-month period, the establishment of an express amount due each month for the subsequent four-month period, and the establishment of a date for the final payment of all unpaid principal, interest, and other unpaid amounts under the note. The third amendment contained the identical provision above, requiring that changes to terms and conditions of the original note be "specifically amended."

{¶ 5} The bank subsequently declared the note to be in default and debited Mr. and Mrs. Schaffer's personal joint account to offset the amount due under the note. On November 16, 2005, the Schaffers filed a complaint against the bank, alleging a claim for conversion that included a claim for punitive damages and a claim for breach of implied contract, premised on the bank's obligation to return any sums wrongfully taken from the Schaffers' bank accounts. The bank answered the complaint.

{¶ 6} On September 8, 2006, the bank filed a motion for summary judgment. The Schaffers opposed the motion, and the bank replied. On November 1, 2006, the trial court denied the bank's motion for summary judgment. The parties prepared for trial, which was scheduled for April 16, 2007.

{¶ 7} On April 13, 2007, the Schaffers filed a motion entitled "Motion for directed verdict on the issue of liability and contract damages." Three days later, the Schaffers filed a motion entitled "Amended motion for directed verdict on the issue of liability and contract damages." On April 17, 2007, the trial court issued a journal entry noting that the parties had agreed to cancel the trial so that the court could "revisit" the bank's motion for summary judgment and consider the Schaffers' motion for a directed verdict, which the court would treat as a motion for summary judgment. On April 19, 2007, the Schaffers filed a supplemental brief in support of their "amended motion for directed verdict." The bank moved to strike the supplement, or, in the alternative, opposed the supplemental brief. The Schaffers opposed the motion to strike, asserting a right to submit additional evidence upon the trial court's conversion of the motion for a directed verdict into a motion for summary judgment.

{¶ 8} On November 14, 2007, the trial court issued a ruling on the Schaffers' "motion for directed verdict on the issue of liability," analyzing the matter pursuant to Civ.R. 50(A)(4). The trial court entered judgment in favor of the Schaffers, awarding them damages in the amount of $35,787.24, plus interest and costs, but denying their claim for punitive damages. On November 28, 2007, the bank moved the trial court to reconsider or to vacate the judgment. The Schaffers opposed the motion. Both the bank and the Schaffers appealed from the November 14, 2007 ruling. This court dismissed the appeal and cross-appeal for lack of a final, appealable order because the trial court's order failed to indicate whether it disposed of all claims and liabilities of the parties. *Schaffer v. FirstMerit Bank, N.A.*, 9th Dist. Nos. 07CA009299 and 07CA009300, 2008-Ohio-5930, 2008 WL 4901704.

{¶ 9} On January 15, 2009, the trial court issued a journal entry, ruling on the bank's and the Schaffers' separate motions for summary judgment. The trial court entered judgment in favor of the Schaffers on their conversion and breach-of-implied-contract claims, denied the Schaffers' claim for punitive damages, and denied the bank's motion for summary judgment as moot. The Schaffers filed a timely appeal in case number 09CA009530, raising two assignments of error for review. The bank filed a timely appeal in case number 09CA009531, raising three assignments of error for review. This court consolidated the cases on appeal. We further rearrange some assignments of error and consolidate others to facilitate review.

II

## THE SCHAFFERS' ASSIGNMENT OF ERROR II

The trial court erred to the prejudice of [the Schaffers] when it, sua sponte, dismissed [their] claims for punitive damages attendant to the tort of conversion where such damages had been appropriately pled in the complaint and where the opposing party had not requested a dismissal or summary adjudication of such damage claim.

{¶ 10} The Schaffers argue that the trial court erred by disposing of their claim for punitive damages when that issue was not raised in any motion for summary judgment. We agree.

{¶ 11} This court has held:

[T]he trial court need not enunciate any definitive statement concerning the court's rationale for granting a motion for summary judgment. *Rogoff v. King* (1993), 91 Ohio App.3d 438, 449, 632 N.E.2d 977. In fact, the trial court need not issue anything more than "a clear and concise pronouncement of the judgment" in its ruling on a motion for summary judgment. Id. However, it is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim.

*Urda v. Buckingham, Doolittle & Burroughs*, 9th Dist. No. 22547, 2005-Ohio-5949, 2005 WL 2995116, at ¶ 13; see also *Rowe v. Striker*, 9th Dist. No. 07CA009296, 2008-Ohio-5928, 2008 WL 4901702, at ¶ 7. The Ohio Supreme has held that "[a] party seeking summary judgment must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. Moreover, we have been clear that

if a party files a motion based on some, but not all, issues in a case, the trial court should restrict its ruling to those matters raised. It is reversible error to award summary judgment on grounds not specified in the motion for summary judgment. * * * The trial court may not rely on law or fact that is not presented in the moving party's motion.

*Lindsey v. Summit Cty. Children's Servs. Bd.*, 9th Dist. No. 24352, 2009-Ohio-2457, 2009 WL 1478711, at ¶ 10. Logically, therefore, it is necessarily reversible error for a trial court to dismiss a claim not raised in a motion for summary judgment.

{¶ 12} In their motion for summary judgment, the Schaffers expressly reserved the issue of punitive damages for later determination at trial by the finder of fact. Moreover, the bank argued in its motion for summary judgment only that the Schaffers could not prevail on the underlying conversion claim. The

bank made no argument in the alternative on the issue of punitive damages. Accordingly, the Schaffers' claim for punitive damages was not properly before the trial court for resolution within the context of the motions for summary judgment, and the trial court erred by disposing of it. The Schaffers' second assignment of error is sustained.

## THE BANK'S ASSIGNMENT OF ERROR I

The trial court erred when it denied FirstMerit's motion for summary judgment.

## THE BANK'S ASSIGNMENT OF ERROR II

The trial court erred when it granted the Schaffer motion based on its determination that the promissory note, as amended, was ambiguous.

## THE BANK'S ASSIGNMENT OF ERROR III

The trial court erred when it granted the Schaffer motion, as genuine issues of fact remain for determination by the jury with respect to whether the parties intended to release Donald Schaffer from personal liability under the promissory note, as amended.

{¶ 13} The bank argues that the trial court erred by granting summary judgment in favor of the Schaffers. We disagree.

{¶ 14} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. An appellate court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 15} The trial court made and premised part of its judgment on "findings of fact," some of which, based on a review of the evidence, are simply incorrect. Nevertheless, "[i]nasmuch as this court's review of an order granting summary judgment is de novo, however, it will proceed to determine whether, despite the trial court's incorrect analysis, [the Schaffers] [were] entitled to summary judgment." *Tucker v. Kanzios*, 9th Dist. No. 08CA009429, 2009-Ohio-2788, 2009 WL 1655029, at ¶ 16. Furthermore, notwithstanding the erroneous fact-finding by the trial court, the facts in this case are undisputed. Specifically, the parties agree in regard to the existence of all the documents at issue in this case. Particularly because the interpretation of contracts is a matter of law, *Minson v.*

*Cook,* 9th Dist. No. 23972, 2008 WL 4493209, 2008-Ohio-5231, at ¶ 9, we are merely applying the law to undisputed facts.

{¶ 16} Pursuant to Civ.R. 56(C), summary judgment is proper if

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 17} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 18} The trial court did not err by granting summary judgment in favor of the Schaffers, albeit on other grounds. We have repeatedly stated:

It is well established in Ohio that "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306. Further, this Court has held that "an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." (Citation omitted.) *Cook Family Invests. v. Billings,* 9th Dist. Nos. 05CA008689 & 05CA008691, 2006-Ohio-764[, 2006 WL 401307], at ¶ 19.

*Schaaf v. Schaaf,* 9th Dist. No. 05CA0060–M, 2006-Ohio-2983, 2006 WL 1627259, at ¶ 19; *Turner v. Turner,* 9th Dist. No. 07CA009187, 2008-Ohio-2601, 2008 WL 2229633, at ¶ 11.

{¶ 19} The trial court found the third amendment to the note to be ambiguous. It therefore considered parol evidence to determine the parties' intent. Based on extrinsic evidence, the trial court found that the parties

intended to release Mr. Schaffer from personal liability on the note, so that the bank improperly debited the amount due on the note from the Schaffers' joint account. We agree that the bank improperly debited the amount due under the note from the Schaffers' joint account. However, we conclude that the trial court did not need to consider extrinsic evidence, because the third amendment to the note is not ambiguous. Moreover, by the unambiguous language of the third amendment, Mr. Schaffer was released from personal liability on the note.

{¶ 20} If a contract "is clear and unambiguous, its interpretation is * * * a matter of law, and no issue of fact remains to be determined." *Denman v. State Farm Ins. Co.,* 9th Dist. No. 05CA008744, 2006-Ohio-1308, 2006 WL 709104, at ¶ 13. Contract terms are ambiguous "only if they can be reasonably understood in more than one sense." *Watkins v. Williams,* 9th Dist. No. 22162, 2004-Ohio-7171, 2004 WL 3017228, at ¶ 24. "If a contract is deemed unambiguous, a court 'must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning.'" *Haley v. Hunter,* 9th Dist. No. 23027, 2006-Ohio-2975, 2006 WL 1627135, at ¶ 15, quoting *Hyder v. Pizer* (Apr. 17, 2002), 9th Dist. No. 20791, 2002 WL 570256.

{¶ 21} All three amendments to the note contain the following provision: "It is expressly agreed by the parties hereto that this Amendment to Note does not change any other terms or conditions of said note not specifically amended herein, and that all such terms and conditions not amended shall remain in full force and effect and are expressly applicable to the terms of this Amendment to Note." When addressing the Schaffers' breach-of-implied-contract claim, the trial court made 14 "findings of fact," including the erroneous finding that "[t]he only change in the third amended note was the deletion of Mr. Schaffer as personal guarantor which was evidenced in writing." The trial court did not make any "findings of fact" in regard to the claims for conversion and punitive damages. This is clear given the trial court's separation of the claims by heading "findings of fact" enumerated under the "Breach of Implied Contract" subsection, and the lack of any "findings of fact" under the "Conversion" and "Punitive Damages Claim" subheadings.

{¶ 22} The provisions of the third amendment that refer to "terms or conditions" and require the promissory note to be "specifically amended," and also provide that changes must be "expressly stated in writing," are unambiguous. None of these phrases are reasonably subject to multiple interpretations giving rise to a genuine issue of material fact. Those portions of the contract that identify the parties to be bound are necessarily included in the ordinary and accepted meaning of "terms and conditions." See, e.g., *Alligood v. Procter & Gamble Co.* (1991), 72 Ohio App.3d 309, 311, 594 N.E.2d 668; *Liberty Mut. Ins. Co. v. Paris* (1994), 8th Dist. No. 66719, 1994 WL 716545, *19.

{¶ 23} In addition, the phrases "specifically amended" and "expressly stated in writing" are unambiguous. The bank argues for a narrow definition that would exclude all modifications to the original agreement not explicitly identified as changes or amendments. It argues that the enumerated amendments affect only the "method and manner of repayment of the loan," while not amending Mr. Schaffer's contractual liability. We agree that the definition of "specifically amended" would include some of the changes made to the original promissory note, such as terminating the line of credit, establishing a maturity date on the loan, and instituting a repayment schedule. There is no reason to believe, however, that it would exclude other changes, such as the signature appearing at the bottom of the third amendment that changes the party to the contract. Contracts are to be interpreted to carry out the intent of both parties, as evidenced by contractual language. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920.

{¶ 24} Furthermore, "[w]hether a note has been executed by a party in his individual or representative capacity, is a question to be determined from the consideration of the whole instrument." *Ohio Carpenters' Fringe Benefit Fund v. Krulak,* 8th Dist. No. 88872, 2008-Ohio-220, 2008 WL 192130, at ¶ 40, citing *Aungst v. Creque* (1905), 72 Ohio St. 551, 555, 74 N.E. 1073. The first paragraph of the third amendment is in stark contrast to the first paragraphs of both the first and second amendments. The first paragraph of the first and second amendments state that the "note is signed by Donald P. Schaffer." Both of the first two amendments are further signed by Mr. Schaffer in his individual capacity. The first paragraph of the third amendment, however, states that the "note is signed by Grafton Janitorial Service, Inc. By Donald J. Schaffer, President." Mr. Schaffer signed the third amendment only within his capacity as the president of GJS. Taking all portions of the third amendment into account, we conclude that Mr. Schaffer's signature in his capacity as president of Grafton Janitorial Services, Inc., "specifically amended" the final amendment and is unambiguous in its meaning as a matter of law.

{¶ 25} The amendments that the parties executed served to "specifically amend[ ]" the original note by "expressly stat[ing]" in writing a substitution of parties to the contract. This necessarily constitutes a change in the "terms and conditions" of the promissory note as amended. Since each of these phrases is clear and unambiguous, the bank's second assignment of error is sustained. However, because the terms and provisions of the third amendment specifically amended the note in writing to expressly release Mr. Schaffer from personal liability, the trial court did not err by granting summary judgment in favor of the Schaffers. Our review of the undisputed facts in the record supports a finding that there are no genuine issues of material fact and that the Schaffers are

entitled to judgment as a matter of law. The bank's first and third assignments of error are overruled.

## THE SCHAFFERS' ASSIGNMENT OF ERROR I

The trial court erred to the prejudice of [the Schaffers] in restricting [their] damages arising from the tort of conversion to only the value of the converted property and interest from the date of conversion.

{¶ 26} The Schaffers argue that the trial court erred in limiting their damages arising out of their claim for conversion to merely the value of the converted property and interest from the date of conversion. We agree.

{¶ 27} Because the Schaffers raise the issue of damages within the context of the trial court's ruling on their motion for summary judgment, we review the issue de novo. *Reitz v. Giltz & Assoc., Inc.*, 11th Dist. No. 2005–T–0126, 2006-Ohio-4175, 2006 WL 2336890, at ¶ 29.

{¶ 28} The trial court restricted the Schaffers' damages arising out of their claim for conversion based on the Eighth District's holding in *Tabar v. Charlie's Towing Serv., Inc.* (1994), 97 Ohio App.3d 423, 428, 646 N.E.2d 1132, that "[t]he measure of damages in a conversion action is the value of the converted property at the time it was converted." In fact, the Ohio Supreme Court has held that "[i]n a suit for conversion, where the facts do not authorize the assessment of exemplary damages, the general rule for the measure of damages is the value of the property at the time of the conversion." *Erie R. Co. v. Steinberg* (1916), 94 Ohio St. 189, 113 N.E. 814, paragraph two of the syllabus. We recognized this rule in *Hesson v. Davidson* (1935), 20 Ohio Law Abs. 8.

{¶ 29} However, the Supreme Court has also held that "[i]n Ohio, as elsewhere, it is a rule of universal application in a tort action, that the measure of damages is that which will compensate and make the plaintiff whole." *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 107, 52 O.O.2d 395, 263 N.E.2d 235. In fact, this court more recently recognized that "[t]here is no inflexible rule as to the measure of damages for a wrongful conversion." *Digital & Analog Design Corp. v. N. Supply Co.* (Nov. 25, 1987), 9th Dist. No. 4213, 1987 WL 25779, at *4, reversed, in part, on other grounds in *Digital & Analog Design Corp. v. N. Supply Co.* (1989), 44 Ohio St.3d 36, 540 N.E.2d 1358, quoting *Fulks v. Fulks* (1953), 95 Ohio App. 515, 519, 54 O.O. 131, 121 N.E.2d 180. In *Digital*, we reasoned:

"[I]t may be generally stated that the plaintiff is to be fairly compensated for the loss sustained by being wrongfully deprived of his property." 18 Ohio Jurisprudence 3d (1980) 525, Conversion and Replevin, Section 53. A plaintiff may recover lost profits for conversion where lost profits may be naturally

expected to flow from the conversion and they are reasonably ascertainable. Id.

Moreover, the *Fulks* court stated that " 'compensation for time lost as a proximate result of the conversion, or for time and money spent in pursuit of the property converted, may be recovered.' " *Fulks,* 95 Ohio App. 515, 519, 54 O.O. 131, 121 N.E.2d 180, quoting 53 American Jurisprudence 897, Section 106. Because this court and others have deviated from the bright-line rule limiting damages for conversion to the value of the property at the time of conversion, the trial court erred as a matter of law in failing to consider whether the Schaffers were entitled to additional compensatory damages, when they had prayed for them in their complaint. The Schaffers' first assignment of error is sustained.

### III

{¶ 30} The bank's second assignment of error is sustained, but its first and third assignments of error are overruled. The Schaffers' assignments of error are sustained. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed in part, in regard to its award of judgment in favor of the Schaffers. The judgment is reversed in part and remanded for trial on the Schaffers' outstanding claim for punitive damages and for evidentiary hearing on the propriety, and amount if applicable, of an additional amount of compensatory damages relative to the Schaffers' claim for conversion. To be clear, because the trial court made "findings of fact" only in relation to its analysis of the Schaffers' breach-of-implied-contract claim, it is not bound by those findings in regard to either the conversion or punitive-damages claim.

Judgment affirmed in part
and reversed in part,
and cause remanded.

MOORE, P.J., and BELFANCE, J., concur.

CARR, J., concurs in part and dissents in part.

CARR, Judge, concurring in part and dissenting in part.

{¶ 31} I concur in the majority's resolution of the Schaffers' second assignment of error.

{¶ 32} I respectfully dissent in regard to the bank's three assignments of error. The trial court made 14 "findings of fact," on which it based its ruling. A review of the evidence submitted in support of and in opposition to the motions for summary judgment clearly demonstrates that several of the trial court's findings of fact were inaccurate. Specifically, the trial court found that Mr. Schaffer had signed the original note and the first and second amendments as a personal

guarantor. None of the documents, however, contain guarantee provisions, and Mr. Schaffer, in fact, signed each of the three documents as a cosigner. More significantly, the trial court found that "[t]he only change in the third amended note was the deletion of Mr. Schaffer as personal guarantor which was evidenced in writing." It is this "finding of fact" that the trial court uses to substantiate its award of summary judgment to the Schaffers on both the conversion and breach-of-implied-contract claims.

{¶ 33} A trial court's making of "findings of fact" alone may constitute reversible error. A party is not entitled to summary judgment "where the trial court essentially trie[s] the matter and enter[s] findings of fact and conclusions of law." *Walker v. Hodge*, 1st Dist. No. C–080002, 2008-Ohio-6828, 2008 WL 5384310, at ¶ 17.

{¶ 34} This court addressed a similar situation in *Tucker v. Kanzios*, 9th Dist. No. 08CA009429, 2009-Ohio-2788, 2009 WL 1655029, wherein we acknowledged that "[a] trial court is not supposed to weigh evidence and determine issues of fact in deciding whether summary judgment should be granted * * *." Id. at ¶ 15. In *Tucker*, the trial court made erroneous findings of fact and resolved other issues of fact. This court reversed and remanded the matter, albeit pursuant to our de novo review, by "stand[ing] in the shoes of the trial court and consider[ing] the motion for summary judgment as it was presented to [the trial] court." Id. at ¶ 17. I would distinguish *Tucker* from the instant appeal because our reversal of summary judgment in *Tucker* merely resulted in remand for trial before the trier of fact, preserving the losing party's ability to seek appellate review of the judgment. In the instant appeal, however, the trial court did not rule on the motions for summary judgment; instead it sat as the trier of fact as if the matter had been submitted to it for a bench trial. The majority here in effect has ruled on the motions for summary judgment in the first instance, thereby foreclosing any true appellate review for the losing party.

{¶ 35} This court has stated that "[i]t is not the duty of a trial court or an appellate court to judge the evidence presented * * *; that job is properly reserved for the finder of fact." *Scarvelli v. Melmont Holding Co.*, 9th Dist. No. 05CA008793, 2006-Ohio-4019, 2006 WL 2242057, at ¶ 14. As in *Scarvelli*, "[w]e do not need to address the substance of [these] specific argument[s] because our review of the trial court's rationale leads us to conclude that the trial court effectively weighed the evidence * * * and enforced its own factual conclusion regarding the evidence. This is not permissible on summary judgment." Id. at ¶ 13. Because the trial court improperly weighed the evidence, I would sustain the bank's assignments of error and reverse.

{¶ 36} I would decline to address the Schaffers' first assignment of error because my resolution of the bank's assignments of error renders it moot. See App.R. 12(A)(1)(c).